## 28930. HAPPY VALLEY FARMS INC. *et al. v.* WILSON *et al.*

116

Decided October 29, 1941.

*Wright & Willingham, Seizer, Chambliss & Kefauver,* for plaintiffs in error.

*Rosser & Rosser, Shaw & Shaw,* contra.

Felton, J. This was an action instituted by Edwin W. Wilson individually and as next friend of Roselle Louise Wilson, his only minor child, against Happy Valley Farms Inc., to recover damages for the homicide of the wife and mother of the plaintiffs, allegedly caused by the negligence of Sam Turner, an agent of Happy Valley Farms Inc. The jury found for the plaintiffs and the exception is to the overruling of the defendants' motion for new trial.

■ Under the answers to certified questions by this court to the Supreme Court (*Happy Valley Farms Inc.* v. *Wilson,* 192 *Ga.* 830, 16 S. E. 2d, 720), the court erred in charging the jury as follows: "But if the negligence of Sam Turner and the negligence of her husband, the driver and the operator of the motorcycle, concurred in causing her injuries, that is to say, if the negligence of Sam Turner in any way contributed to or partly caused said injury, although the driver of the motorcycle, Edwin W. Wilson, may have also been negligent, then the plaintiff would be entitled to recover under the law, provided she, the deceased, could not, by the exercise of ordinary care on her part, have avoided being injured, and such damages should not be diminished, that is, the damages for the life value of the wife of one and the mother of the other, should not be diminished on account of the negligence of the driver of the motorcycle, even though his negligence may have amounted to a want of ordinary care in looking after his own safety and that of the deceased wife. That is true, gentlemen, because under the law of this State, the negligence of the driver of the motorcycle can not be imputed to the guest who was riding with him, that is to say, a person who is not himself operating the motorcycle, but is merely riding on it as a guest of the driver can not be held legally responsible for the driver's carelessness in operating it in an improper manner or failing to exercise ordinary care to avoid injury to his guest."

■ Under the answers of the Supreme Court to the certified questions it was also error to refuse to give in charge the following written request: "I charge you that if you find that the plaintiff, Edwin W. Wilson, was equally negligent with the defendant, if they were negligent, then I charge you that Edwin W. Wilson can not recover, and as to him you should return a verdict in favor of the defendant."

■ There is no merit in any of the other assignments of error insisted upon, the first special ground of the motion for new trial having been abandoned.

The court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*