40010.   ROSS v. PANTER.

DECIDED JUNE 19, 1963.

*William Butts, Herman J. Spence, T. H. Crawford, H. G. Vandiviere, H. L. Buffington, Jr.,* for plaintiff in error.

*Robert K. Ballew,* contra.

FRANKUM, Judge.   Mrs. Bonnie Mae Panter sued Carl Ross for the value of the life of her seven-year-old daughter who was killed when she was struck by the defendant's automobile while being driven by his son.   It was alleged in the petition and admitted on the trial of the case that the defendant's vehicle was a family purpose car and was being used as such by his son at the time and place of the homicide.   Briefly stated, it appears from the facts alleged and from the evidence that the deceased child was, on June 16, 1961, at about 8:10 p.m., walking with the plaintiff along the southerly shoulder of a public highway in Fannin County at a point just a few yards east of where said highway crosses Blue Ridge Dam.   The weather at the time was

cloudy, and the road at that place was somewhat within a cut and overhung by the limbs and foliage of trees. The plaintiff alleged that the defendant's son was operating the defendant's automobile in a westerly direction at a speed in excess of 60 miles per hour as he approached the point where the deceased was walking; that at said time and place he was operating the automobile without having thereon any headlights or other illumination; that the deceased, under the supervision of the plaintiff, endeavored to cross the highway and was struck by the defendant's automobile as she reached a point near the center line of the highway and instantly killed. The petition charged the defendant's son with negligence in operating the automobile without headlights; in operating it in excess of 60 miles per hour and at a speed that was greater than was prudent under the conditions then existing; in not having the vehicle under reasonable control; in failing to keep a proper lookout ahead so as to avoid striking the deceased; in failing to avoid striking her, and in failing to sound the horn of the automobile or to make any other kind of alarm so as to warn of the approach of the vehicle.

Upon the trial of the case the jury returned a verdict for the plaintiff. The defendant made a motion for a new trial on the general grounds and amended it by the addition of 7 special grounds. The trial court overruled that motion, and one of the assignments of error before this court is to that judgment. Plaintiff in error also assigns error in his bill of exceptions on the judgment overruling his special demurrers to an amendment to the plaintiff's petition.

We have examined the assignments of error contained in the general and special grounds of the motion for new trial and the assignment of error on the overruling of the special demurrers to the amendment to the petition, and find no harmful or reversible error in any of them except in the seventh special ground of the motion. That ground assigns error because the trial court failed to give to the jury, without request, instructions on the duty of the plaintiff herself to exercise ordinary care in protecting her daughter from the negligence, if any, of the defendant's son. The evidence showed that the plaintiff was walking along the shoulder of the said public road holding the hand of her daughter.

She had charge of the child and was actively supervising her activities at the time and place. The jury would have been authorized to find that the plaintiff released the child's hand for her to run across the road at a time when, in the exercise of ordinary care, she could have seen the defendant's automobile approaching and in such close proximity as to create an immediate hazard of its colliding with the child. The evidence thus presented a jury issue as to whether Mrs. Panter, the plaintiff, exercised ordinary care to protect her daughter from the negligence of the defendant's son, if any. *Woodham v. Powell*, 61 Ga. App. 760 (7 SE2d 573). This issue was also presented by the pleadings, since the defendant, in his answer, denied that his son was negligent in operating the automobile or that his negligence was the proximate cause of the death of the plaintiff's daughter. Under this plea it was permissible for the defendant to show that the child's death was caused by anything other than the negligence of his son, including that it resulted solely from the failure of the plaintiff to exercise ordinary care in avoiding the effects of his son's negligence in operating the automobile. *Russell v. Bayne*, 45 Ga. App. 55, 57 (2) (163 SE 290). Accordingly, it was error for the court to fail to instruct the jury as contended in special ground 7, and this error requires a reversal of the case.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*