40979. SPARKS SPECIALTY COMPANY v. MOSS.

DECIDED NOVEMBER 3, 1964.

*Wendell C. Lindsey,* for plaintiff in error.

*Kennedy, Kennedy & Seay, Harvey J. Kennedy,* contra.

FELTON, Chief Judge. It was not necessary for the plaintiff to cite authority for the propounding of the interrogatories in the instrument propounding them any more than it is necessary to expressly base any pleading, within the pleading itself, upon whatever statute or Code section or other law which authorizes it. The courts are presumed to know the law, theoretically, and generally speaking it is unnecessary to allege matters of local law. *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324 (1) (58 SE2d 559); 41 Am. Jur. 294, Pleading, § 11. Nor would the fact that the plaintiff incorrectly pleaded an unofficial Code section estop him from relying on the correct authority or law for at least two reasons; (1) the Code section cited correctly states what the true law is and cites its source, and (2) in matters of taking judicial knowledge of the law it is a matter of argument and citation of authorities by the attorneys for the respective parties. It is not a matter of having to allege and prove what the local law is. The rule that when a law is attacked as being unconstitutional the attack must be upon a law published as official by authority of law, *Tomlinson v. Sadler,* 214 Ga. 671, 673 (107 SE2d 215), does not obtain under the circumstances of this case. What was done in this case amounts to no more than a citation of authority. If attorneys were prohibited from citing sections of the very valuable and almost indispensable Annotated Code they would be put to unnecessary time and trouble to cite the Acts of the General Assembly, etc., which are shown in the sections of the Annotated Code to be the source of the laws stated in the sections of the Code. To permit the citations of sections of the Annotated Code does not mean that the court to which the citations are offered is bound by them if perchance there has been a mistake on the part of the codifier. The court must endeavor to follow the law and it is the court's responsibility to do so, but the chances of a difference between the true law and an Annotated Code Section

which purports to state the true law are so remote that a refusal by the court to permit the Annotated Code citations would be carrying technicalities to a ridiculous absurdity.

The court erred in dismissing the interrogatories.

*Judgment reversed.* *Frankum and Pannell, JJ., concur.*