## 48611. WINSTON CORPORATION v. PARK ELECTRIC COMPANY.

CLARK, Judge. "[J]udges are always presumed to know judicially what the law is," said this court in *Conney v. Atlantic Greyhound Corp.,* 81 Ga. App. 324 (1) (58 SE2d 559). To this aphorism former Chief Judge Felton appropriately appended a key word "theoretically" in *Sparks Specialty Co. v. Moss,* 110 Ga. App. 585, 586 (139 SE2d 345).[1] Proceeding on this presumption counsel for both parties in this appeal have lightened our labors by eschewing spurious scholarship in refraining from citing numerous legal authorities. In fact appellant's brief wisely contained no citations because it was recognized that the correctness of the trial court's judgment could be resolved only by a careful reading of the transcript. Our comment is not intended to infer any lack of labor by these lawyers. The record which shows a total of twenty-two items being omitted for appeal purposes and the well written briefs and fine oral arguments by both counsel confirm their clients receiving dedicated representation. In short, both parties realized the principal legal question was previously decided in the first appeal reported as *Winston Corp. v. Park Electric Co.,* 126 Ga. App. 489 (191 SE2d 340).

Following the example set by these advocates we will limit the length of this opinion by pointing out that there is a single principle of appellate jurisprudence which is determinative of this appeal. That rule was postulated in the early case of *Wiley, Parish & Co. v. Kelsey,* 13 Ga. 223, thusly: "Where, by an agreement of the parties, a cause is submitted to the Court for its judgment and decision upon *the facts,* as well as *the law,* this

---

[1] The story is told of the attorney who during argument on his appeal was told, "You may presume the court knows the law " and replied "That was the mistake I made in the trial court."

Court will indulge the same presumption in regard to the facts, on a motion for new trial, as if the cause had been submitted to a Jury, and will not disturb the judgment when there is any evidence in the record to sustain it, or when there is a conflict of evidence; but if there is no evidence in the record to support the judgment, a new trial will be granted."

Park Electric Co. sued Winston Corporation for $33,786.82 for labor and material allegedly furnished in the construction of a nursing home in Atlanta. Winston counterclaimed for $70,000 for breach of contract. The trial transcript shows plaintiff's claim is for overtime based upon a letter agreement dated May 8, 1969 (T. 152) supported by invoices which had been submitted monthly without any complaint from defendant. Each invoice stated the total number of hours computed at $3.25 per hour and at $9.75 per hour. The latter item always carried the letters SP which referred to "supervisory personnel." The total shown by these invoices was $32,512.59. That figure was also acknowledge by plaintiff to be the exact amount of the claim in response to a question from the court. (T. 135). Thus, the transcript meets the "any evidence" rule adverse to the contentions of appellant dealing with the manner of the computation of the overtime and supports the trial judge's finding of fact. Such determination is not affected by the cautionary words used in the judgment that this was "as best the Court can determine." (R. 13).

In support of the counterclaim the vice president of Winston Corporation specifically itemized eight items totaling $56,690. Although appellant's fourth enumeration of error avers "The court erred in failing to render a specific verdict upon the counterclaim filed by the defendant," the judgment (R. 13) gave defendant credit for "$2,069 paid to another electrician," which was one of the eight items. It is thus clear that all of Winston's claims were given full consideration by the trial judge. This includes appellant's contention which involves "less than $500" (T. 143) for unauthorized travel time concerning which the trial judge made direct inquiry (T. 134).

The judgment of the trial court is therefore affirmed.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

ARGUED SEPTEMBER 17, 1973 — DECIDED DECEMBER 4, 1973 — REHEARING DENIED DECEMBER 19, 1973.

*Wall, Campbell & Fuller, Hilton M. Fuller, Jr.,* for appellant.

*Lynwood A. Maddox, Howard, Howard & Hall, William V. Hall, Jr.,* for appellee.

EVANS, Judge, concurring specially. I concur in the judgment only in this case. I especially refuse to concur in the language in the majority opinion as follows, to wit: ". . . and the well written briefs and fine oral arguments by both counsel confirm their clients receiving dedicated representation." First, flattery gets one nowhere. These lawyers, if they are as able as the above language indicates, readily see through hollow flattery. The winning lawyer does not need to be thus propped up; and as to the losing lawyer, it is quite doubtful that such fulsome praise soothes his troubled spirit to any extent whatever. He is prone to ask himself: "If my brief was so well written, and if I made such a fine oral argument, and if my representation of my client was accounted as dedicated, how come I lost my case?"

Next, it is a time-honored rule, now ripened into a tradition, to reserve praise for the losing lawyer only. How can he be comforted by praise (genuine or synthetic) of the court, when his adversary receives just as much praise, and in addition, wins the case? I am sure the majority opinion overlooked this time-honored rule (tradition) in giving such great praise (genuine or synthetic) *to counsel for both parties.*