## 50994. HALL v. LEWIS.

Webb, Judge.

Betty Lewis brought suit against Henry Hall for the wrongful death of her daughter, Wanda, who was 22 months old at the time of her death on May 23, 1974. It was alleged that Hall negligently backed his truck over Wanda in the yard of her grandfather, where defendant lived in a house trailer. Defendant denied he was negligent and asserted that the plaintiff mother was negligent in failing to keep her small child under supervision and in failing to prevent the child from placing herself in danger. The jury returned a verdict for plaintiff, and defendant appeals. *Held:*

1. We reverse. Defendant excepted to, and assigned as error, the court's failure "to charge the jury on the law of contributory or comparative negligence as the same would bear on the conduct of the plaintiff at the time of the accident sued upon." The trial court refused to rule on objections to the charge, stating "I don't rule on objections

to the charge." The court is directed to so rule upon retrial.

There was evidence from which the jury could have found that plaintiff failed in her duty to exercise ordinary care to supervise and control her child on premises where there were numerous trucks and cars traveling back and forth. "Where the pleadings and the evidence presented an issue as to whether the plaintiff [in a wrongful death action] failed to exercise ordinary care to protect her daughter of tender years from the negligence of the [defendant], . . . it was error for the court to fail to give the jury instructions on the law with respect to that issue, even though not requested." *Ross v. Panter,* 108 Ga. App. 74 (131 SE2d 799). For the substantive rule see *Happy Valley Farms v. Wilson,* 192 Ga. 830 (16 SE2d 720); *Happy Valley Farms v. Wilson,* 66 Ga. App. 115 (17 SE2d 207); *Walden v. Coleman,* 217 Ga. 599 (124 SE2d 265); Annot., "Contributory negligence of beneficiary as affecting action under death or survival statute," 2 ALR2d 785.

2. The trial court erred in charging the provisions of prior Code Ann. § 68-1646, pertaining to starting a vehicle. This section was not applicable to residential property at the time of the death. Prior Code Ann. § 68-1601.

3. Other enumerations complaining that portions of the charge were not abstractly correct and that they intimated an opinion of the court do not require reversal since the only objection made at trial was that the charges were not adjusted to the evidence. It is axiomatic that a litigant is confined to the objections as made at trial.

*Judgment reversed. Bell, C. J., and Marshall, J., concur.*

ARGUED SEPTEMBER 15, 1975 — DECIDED SEPTEMBER 18, 1975.

*Young, Young & Ellerbee, F. Thomas Young, Fred L. Belcher,* for appellant.

*W. D. Knight,* for appellee.