## 54657. McDANIEL PRINTING COMPANY, INC. v. BEN MEADOWS COMPANY, INC. et al.

BIRDSONG, Judge.

Suit on account. McDaniel Printing Co., Inc. (McDaniel) brought suit against the Ben Meadows Co., Inc. (Meadows), alleging an account indebtedness. From a bench trial resulting in a verdict and judgment in favor of Meadows, McDaniel appeals. *Held:*

1. The sole issue in the case is the number of sales catalogs delivered to Meadows pursuant to a contract with McDaniel. At trial, McDaniel introduced a delivery receipt upon which was written, in the space designated "No. Pcs.," the notation "18 skids." These "skids," according to the evidence, were of varying sizes and capable of holding varying numbers of catalogs. In the top corner of the delivery receipt, there appeared the number "38,000," which McDaniel's truck driver testified he had written after totaling the sum of the numbers on certain tags which, he stated further, were attached to the skids. The individual who actually signed the delivery receipt stated that he accepted delivery of only "18 skids," as designated on the receipt, and that he knew nothing of the "38,000" notation, testifying as follows: "I don't remember anything being on this receipt because at the time I counted the number of skids, it [sic] was no way that you could count the amount of books that was on the skids, the way they had them banded up. So the only thing I could do is count the skids and sign for the number of skids." He further testified that there were no tags or identification marks of any kind attached to the skids which would indicate the number of catalogs contained thereon.

2. McDaniel enumerates as error the trial court's refusal to admit into evidence that portion of the delivery receipt bearing the notation "38,000." It is settled that error, to be reversible, must be harmful (*First Nat. Bank of Chattanooga v. American Sugar Refining Co.,* 120 Ga. 717 (48 SE 326)), and, where testimony of the truck driver was admitted that "We came up with 38,000" and made "an entry then of 38,000 on the delivery slip," it was not reversible error, if error at all, to exclude the notation from evidence. See *Hixson v. Barrow,* 135 Ga. App. 519

(218 SE2d 253). Furthermore, it would appear that the alleged tags were the hearsay products of a nonparty who counted the number of catalogs on each skid, and testimony based on hearsay was properly excluded. See *Persons v. Mashburn,* 211 Ga. 477 (86 SE2d 319). This enumeration is without merit.

3. As to McDaniel's enumerations of error on the general grounds, it is sufficient to note that, although the evidence was conflicting, there was uncontradicted evidence to support the finding of the trial court, sitting as a jury. This court has held that the "any evidence" rule applies to a judge sitting without a jury, and his judgment will not be disturbed if there is any evidence in the record to sustain it. *Winston Corp. v. Park Elec. Co.,* 130 Ga. App. 508 (203 SE2d 753). Accordingly, these enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*Zachary & Segraves, William E. Zachary, Jr.,* for appellant.

*William F. Lozier, Hansell, Post, Brandon & Dorsey, Paul Oliver,* for appellees.