## 62886. MORSE v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.

BIRDSONG, Judge.

Wrongful death. On March 3, 1979 Pearl Blocker, aged 74, was standing at or near the southeast corner of Neal and Ashby Streets. It was about 2:30 p.m. on a Saturday afternoon. The streets were wet and it was raining or misting. Mrs. Blocker saw a MARTA bus approaching south down Ashby Street. She ran diagonally across Ashby Street moving from the southeast corner of Neal Street at Ashby to the northwest corner of the same intersection. Apparently as Mrs. Blocker ran into the northbound lane of Ashby, an approaching car (going north) blared its horn and Mrs. Blocker stopped or hesitated. Then in an apparent attempt to catch the bus, she ran on diagonally across the intersection into the path of the approaching bus. As she arrived at the curb or just before doing so, the bus struck her on the right side of her body and inflicted fatal head and internal injuries. The driver saw Mrs. Blocker as she started across the street and testified that he thought she was going to wait until he passed when she stopped or hesitated in the middle of the road. When she suddenly darted on into the southbound lane in front of his bus, he applied brakes but was unable to stop the bus before it struck Mrs. Blocker. Among other instructions given to the jury on its charge, the trial court charged on accident. The jury returned a verdict in favor of MARTA. Appellant, Mrs. Blocker's administratrix, excepted to the giving of a charge on accident on the ground that there was no evidence to support such a charge. This and a related exception that the charge was improperly stated are the only two enumerations of error. *Held:*

1. We find no merit in either enumeration. There was evidence presented that the bus driver was driving in a "normal" fashion well within the speed limit, and that "there was nothing anyone could have done" to avoid the accident. The bus driver made every effort to avoid striking Mrs. Blocker and on the basis of the appellee's evidence, the jury could have been fully warranted in concluding that he was in no way at fault. Likewise, though Mrs. Blocker was running diagonally across an intersection, there was evidence from which the jury could have found that had the northbound car not blared its horn just as she began to run across the street, she may successfully have negotiated the crossing without danger. Furthermore, the jury could have concluded that at age 74, Mrs. Blocker became confused or was not even aware that the bus was so close.

It is not error to give an instruction where there is any evidence, however slight, on which to predicate it. *Camp v. Phillips,* 42 Ga. 289.

To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it. *East Side Auto Parts v. Wilson,* 146 Ga. App. 753 (2) (247 SE2d 571). See *Pirkle v. Triplett,* 155 Ga. App. 945, 947 (274 SE2d 59). It was appropriate for the trial court to leave to the jury the decision as to whether there was negligence on the part of the bus driver, Mrs. Blocker, both of them, or that there was no negligence and the death was the result of an accident. This the trial court did under full and appropriate instructions.

2. In the second enumeration of error, appellant contends that the trial court gave an erroneous charge on the theory of accident. However, we note that appellant made no specific objection to the giving of a charge on accident at the time the trial court announced it intended to give such a charge, reserving till later the right to make an appropriate objection thereto. After the charge, appellant objected on the ground that the evidence did not support the giving of such a charge. At no time did appellant inform the court that the substance of the charge was allegedly incorrect.

Appellate courts review and correct errors made in the trial court. However, this court will review and correct only such error as was made in the trial court and only on the specific basis on which it was presented to the trial court. *MacDonald v. MacDonald,* 156 Ga. App. 565, 566 (275 SE2d 142). We will not allow a different error to be argued on appeal from that argued below. *Holiday Homes v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608). This enumeration presents nothing for this court to review.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 8, 1982 —
REHEARING DENIED FEBRUARY 25, 1982 — 

*Andrew M. Scherffius, William Q. Bird,* for appellant.
*John R. Lowery, Denise Caffrey,* for appellee.