### 63611. BROOKS v. DOUGLAS et al.

McMURRAY, Presiding Judge.

This is the second appearance in this court of this convoluted case involving a collision in March, 1973, between an automobile driven by Brooks and a John Deere tractor being driven by Douglas, manufactured by Deere & Company and owned by McNair. See in this connection *Brooks v. Douglas,* 154 Ga. App. 54 (267 SE2d 495). In the latter case this court reversed the trial court in granting summary judgment against the plaintiff Brooks, the trial court having erroneously determined as a matter of law that Brooks was guilty of gross negligence which is a question of fact to be determined by a jury. The case is one for personal injury and property damage brought by the plaintiff Brooks against the driver Douglas alleging negligence and the manufacturer Deere & Company with reference to the negligent design, manufacturing and assembly of the lighting system of the tractor and a safety emblem required by law, the tractor having been used for plowing in a field on the date in question (although the collision occurred on the highway). Count 1 was for common law negligence, and Count 2 was brought under Code Ann. § 105-106 (Ga. L. 1968, pp. 1166, 1167; 1978, p. 2202; 1978, p. 2218; 1978, p. 2267) for product liability against only the manufacturer. The plaintiff contends he was blinded by the lighting system of the tractor on the highway. He alleges the position of the taillights and the slow moving vehicle symbol were the concurrent proximate cause of plaintiff's injuries when the plaintiff ran into the rear of the tractor.

The case came on for trial before a jury which returned a verdict in favor of both defendants. The judgment followed the verdict, and the plaintiff appeals. *Held:*

1. The first enumeration of error is that the trial court erred in charging the jury on the principle of the assumption of the risk with reference to Count 2 of the complaint which sounds in strict liability. The charge was that "[w]hen a person knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that

the act of taking such a risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, he cannot hold another liable for injuries proximately caused by such action even though the injuries may be in part attributable to the negligence of such other person." The court likewise instructed the jury that this principle of assumption of risk applied in both counts. Count 1 was brought jointly and severally against the manufacturer and the driver for negligence, the driver for negligent operation of the tractor at night and the manufacturer with reference to the patently defective and negligently installed rear lights and "ASAE S 276.1 slow moving vehicle emblem" installed on the tractor. Count 2 was brought solely against the manufacturer based upon products liability, also known as strict liability. While we have our doubts that this charge applies at all to this case, nevertheless, this issue is not before us. We, therefore, proceed to consideration of this charge based on the objection made.

The plaintiff argues that the assumption of the risk principle in strict liability and common law negligence cases are two different and distinct principles of law as applied to common law negligence and the objective reasonable man standard of what a person knows or should know under the circumstances before a person can assume the risk. When the danger becomes so obvious to a reasonable man and the likelihood of injury becomes so apparent then a reasonably prudent man assumes the risk. Thus, the plaintiff in a negligence action may assume the risk when he knows of or as a reasonably prudent man should be aware of the danger and voluntarily encounters such a danger. A plaintiff either actually or constructively becomes aware of the danger, appreciated the danger, and then voluntarily chose to risk such danger, if he assumed the risk. However, in a strict liability case such as the case sub judice, the plaintiff is not required to discover and avoid the product defect. In product liability cases in order for it to apply it must be shown that he had actual knowledge of the defect and danger and that he used the product unreasonably. See in this connection *Ford Motor Co. v. Lee,* 237 Ga. 554, 555 (1) (229 SE2d 379) and *Center Chemical Co. v. Parzini,* 234 Ga. 868, 870 (5) (218 SE2d 580), in that there must be three elements present in such cases, such as: (1) actual knowledge of the defect; (2) actual knowledge and appreciation of the danger; and (3) unreasonable use of the product with such knowledge. Thus the principle of assumption of the risk for strict liability is entirely different from the common law principle as charged by the court.

The defendant manufacturer argues that the basis for the plaintiff's exception to the charge on assumption of risk was that it did not apply *at all* in a strict liability case and now seeks to argue that it did not apply where plaintiff had no actual knowledge of the

elements set forth as found in *Ford Motor Co. v. Lee,* 237 Ga. 554, supra, that is, actual knowledge of the defect and actual knowledge of danger and appreciation of the danger. Defendants cite *Williams v. Atlanta Gas Light Co.,* 143 Ga. App. 400, 401 (3) (238 SE2d 756) (improper objection, sudden emergency); *DeBoard v. Schulhofer,* 156 Ga. App. 158, 160 (273 SE2d 907) (objection too general, "conflicting and erroneous"); *Steed v. Steel Products Manufacturing Co.,* 152 Ga. App. 350, 352 (5) (262 SE2d 616) (issue involved in the objection not raised in the trial court); *Hall v. Lewis,* 135 Ga. App. 730, 731 (3) (218 SE2d 706) (objection to charge not the same as raised in trial court); *Palmer v. Stevens,* 115 Ga. App. 398, 404 (14) (154 SE2d 803) (objection on appeal not the same as in the trial court); *Butts v. Brooks,* 138 Ga. App. 653, 654 (227 SE2d 76) (objection to charge too general); *Seagraves v. ABCO Mfg. Co.,* 121 Ga. App. 224, 227 (173 SE2d 416) (insufficient particularity to inform the trial court as to the objection). Defendants contend these cases require that objection to the charge must be precise and sufficiently specific to bring into focus the exact error alleged to have been made in order that the court may have an opportunity to correct it without the necessity of an appeal. It is clear here, however, that the exception as made was that the court's charge on assumption of the risk was not applicable "in the case of strict liability" (Count 2). The trial court was of the opinion that it did if contributory negligence applies. The trial court was also aware of plaintiff's written request to charge that in order for the plaintiff to recover against the defendant Deere & Company the evidence must show that such injuries or damages were proximately caused by a defect in the said tractor in question and existed at the time the tractor left the manufacturer's possession and control based upon *Center Chemical Co. v. Parzini,* 234 Ga. 868, supra. Certainly the court was aware of the request to charge, that is, that the plaintiff's failure to discover the defect or to guard against the possible existence of the defect would be no defense for the manufacturer, citing *Parzini v. Center Chemical Co.,* 136 Ga. App. 396 (221 SE2d 475). The court also had ample opportunity to correct its charge but elected to "leave it like it is." The colloquy by the court shows that it was aware of the problem and expressed the opinion that "I think it does if contributory negligence just applies to one." Of course, with respect to Count 1 as to the defendant manufacturer plaintiff alleges the patently defective and negligently installed equipment on the tractor was also a proximate cause of plaintiff's injuries and damages. The above cases cited by defendants do not apply here.

In the case sub judice there was absolutely no evidence in the case that the plaintiff had any knowledge of any defect until after the

collision or that he could have any knowledge of any defect in a sudden two vehicle collision between complete strangers. His evidence was that he was blinded by the lighting system, whereas the defense was that the plaintiff's negligence was greater than that of the defendant, if any. Accordingly, the court's charge was erroneous and cannot be held to be harmless error since part of plaintiff's case (Count 2) was based on the issue of strict liability. See *Ford Motor Co. v. Lee,* 237 Ga. 554, supra; *Center Chemical Co. v. Parzini,* 234 Ga. 868, 870 (5), supra. Clearly, the charge on assumption of risk did not apply at all under the facts of this case to Count 2 involving strict liability. Under the circumstances the charge was erroneous requiring reversal.

2. The second enumeration of error is that the trial court erred in admitting into evidence three photographs of the tractor in question admittedly taken at a different time under different conditions in a different setting. However, a proper foundation was laid for admission of these three photographs which were properly identified and were admissible in the discretion of the court. The court likewise gave a cautionary charge with reference thereto. See *Carnes v. State,* 115 Ga. App. 387, 394 (7) (154 SE2d 781); *Cagle Poultry &c. Egg Co. v. Busick,* 110 Ga. App. 551, 552 (1a) (139 SE2d 461); *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 159 (6), 161 (141 SE2d 189). The mere fact that the pictures were taken at a time later than the time the collision occurred is not a material variance. See *Ga. Power Co. v. Gillespie,* 48 Ga. App. 688 (8), 701 (173 SE 755); *Western & Atlantic R. v. Hughes,* 37 Ga. App. 771, 772 (6) (142 SE 185). This case is based on a substantially different set of facts from that found in *Eiland v. State,* 130 Ga. App. 428, 429-430 (203 SE2d 619), wherein it was held that the contrived pictorial representation tended to become an extra witness against the defendant in a manner which differed from reality in substantial particulars. We find no merit in this complaint.

3. Another enumeration of error is that the trial court erred in charging the jury that if they found that the field lights on the tractor were not being used at the time of the collision, then the plaintiff would not be entitled to recover under any theory, thereby eliminating the issue of strict liability from the jury's consideration. Plaintiff contends that the evidence was undisputed in this case that the tractor in question was manufactured by the defendant manufacturer and the height of the rear lighting system as well as the slow moving vehicle emblem were in violation of the Georgia statutes; that same created a deceptive illusion as well as made the slow moving vehicle emblem and taillights not effective because of the higher than usual legal position.

The trial court did not err in giving this charge with reference to whether or not the field lights on the tractor were activated at the time of the collision. The time that the collision occurred was at dusk, near dark or after dark, and it was a question for the jury as to whether the lights were on at the time of the collision. The court had already charged adequately as to the slow moving vehicle emblem, and we cannot say that this charge eliminated the question of strict liability as to the location of the slow moving vehicle emblem. But the court's charge also had reference to the fact that if the jury found the field lights on the tractor "were not being used as they were intended to be used, that is for lighting fields at night, but were used on a highway for which they were not intended to be used, then the Plaintiff cannot recover of Deere and Company in this case." The charge is therefore subject to the objection and argument that it eliminated the question of strict liability as to the use of the taillights, for plaintiff's entire case sought to establish that he was blinded by the lights which had created a deceptive illusion. Again we add as in Division 1, the plaintiff in a strict liability case such as here has no duty to discover the defect or protect himself from an unknown danger in the exercise of ordinary care. One is barred from recovery only if the defect is discovered and he is aware of the danger but nevertheless proceeds to make unreasonable use of the product. See *Center Chemical Co. v. Parzini,* 234 Ga. 868, 870 (5) supra; *Ford Motor Co. v. Lee,* 237 Ga. 554, 551 (1), supra. The charge as given effectively eliminated the issue of whether the taillights were being used on the highway so as to create a deceptive illusion due to the location allegedly in violation of the law. The court instructed the jury that even if the lights were used on the highway "for which they were not intended to be used," then the plaintiff could not recover. However, this was not the substance of plaintiff's enumeration of error, and we refuse to reverse on this enumeration of error.

4. Plaintiff specifically requested in writing a charge that negligence is not a defense to strict liability and that the plaintiff's failure to discover the defect or to guard against the possible existence of a defect would be no defense for the defendant manufacturer. This charge was a correct principle of law as applies to a product liability case such as here and was involved as to Count 2 of this suit. The court was required to charge this request in connection with its charge to the jury on the definition of strict liability and proximate cause as to the defect. See *Parzini v. Center Chemical Co.,* 136 Ga. App. 396, supra; *Center Chemical Co. v. Parzini,* 234 Ga. 868, supra. Also see and compare *Friend v. General Motors Corp.,* 118 Ga. App. 763 (165 SE2d 734) (a breach of implied warranty case).

The defendant manufacturer contends that the trial court

amply covered this charge in its general charge on strict liability, particularly in that the court charged that there was a contention in Count 2 that the tractor involved was defectively designed and manufactured without reference to any negligence or its negligent operation at the time of the collision in question and without responsibility of proving negligence insofar as this count is concerned. The charge as requested was in fact covered by the general charge of the court. It was not necessary to give the charge in the exact language requested inasmuch as the charge as given substantially covered the same principle. See *Pollard v. State,* 236 Ga. 587, 589 (3) (224 SE2d 420); *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565); *Seaboard C. L. R. Co. v. Thomas,* 125 Ga. App. 716, 718 (1) (188 SE2d 891). There is no merit in this complaint.

5. In the next enumeration of error plaintiff contends the trial court erred in failing to give three specific requests to charge. However, when counsel was given a suitable opportunity to make his objections under Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), one of these requests was not even referred to when counsel stated that he was excepting to the court's failure to give plaintiff's written requests contending same were "accurate statements of law and adjusted to the facts in this case." This was not a suitable exception. Counsel must state distinctly the matter to which he objects and the grounds of his objection. We decline to consider this objection as counsel failed to refer to this written request when given the opportunity to object to the charge by the trial court at the proper time. The written request involving foreseeability as to the use of the product (tractor) is somewhat argumentative being more favorable toward the plaintiff. It also appears that the trial court, in substance, covered this charge. Assuming arguendo that a sufficient exception was made in the trial court we find no merit in this complaint. Further, upon the failure to argue by brief an enumeration of error, it will be deemed to have been abandoned by this court. *Brown v. Quarles,* 154 Ga. App. 350, 352 (5) (268 SE2d 403); *Trowell v. Weston,* 154 Ga. App. 572, 573 (2) (269 SE2d 74). For the foregoing reasons there is no merit in this complaint.

The basis for the reversal here is only concerned with the defendant manufacturer and has to do with the confusing charge by the court on assumption of risk as to the question of strict liability. It is true this defendant was jointly and severally sued with the defendant driver with reference to common law negligence in Count 1 and as to strict liability or product liability as to Count 2. Under the circumstances we find no reversible error with reference to the defendant driver of the vehicle. Accordingly, the case is reversed as to

the defendant manufacturer but affirmed as to the defendant driver.

*Judgment affirmed in part and reversed in part. Birdsong, J., concurs. Banke, J., concurs in the judgment only.*

DECIDED JULY 6, 1982 —
REHEARING DENIED JULY 26, 1982 —

*Jesse G. Bowles III, L. Earl Jones,* for appellant.
*Edmund A. Landau, Jr., Jack G. Slover, Jr.,* for appellees.