### 64408. ALLARD PRODUCTS, INC. v. APOLLO CONTRACTORS, INC.

BANKE, Judge.

Allard Products, Inc., the appellant, sued to collect on account in the amount of $35,746.93 for roofing materials used by the appellee in his contracting business. The appellee counterclaimed for damages, contending that the materials were defective. The parties were required by a pre-trial order to identify anticipated witnesses and to provide notification of additional witnesses to the opposing party no later than 10 days prior to trial. On the morning of trial, counsel for appellant notified the court that his witness, who had been properly

identified to opposing counsel, was out of town and unavailable to testify. He moved the court to grant a continuance until his witness could be located, or in the alternative to allow him to substitute another person from the office of the absent witness. He enumerates as error the denial of his motion in both respects. *Held:*

1. Motions for continuance are addressed to the sound discretion of the court, and absent a clear showing of abuse this court will not intervene. See *Hornsby v. State,* 159 Ga. App. 672 (3) (284 SE2d 630) (1981). The appellant failed to meet the requirements of Code Ann. § 81-1410 in that there was no showing that he would be able to produce the witness at the next term of court, nor did he state the facts expected to be proved by the witness. The substitute witness was not made known to opposing counsel until the morning of trial nor was the substance or materiality of her expected testimony shown. We find no abuse of the trial court's discretion in refusing to allow the witness to testify. For these same reasons, we find no abuse of the trial court's discretion in adhering to the terms of the pre-trial order in refusing to allow the substitute witness to testify.

2. The jury found for the appellee on the counterclaim in the amount of $43,400. The appellant contends that damages in this amount are not supported by the evidence. "It is the duty of an appellate court to construe the evidence [most] strongly in support of the verdict and against the appellant. *Associated Mutuals, Inc. v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393). That the evidence in a case may preponderate against a verdict is not the test. The rule is that this court cannot review the findings of juries, or judges, on issues of fact, unless, as a matter of law, a verdict has no evidence to support it. [Cits.]" *Bailey v. Lurlee, Inc.,* 131 Ga. App. 546 (206 SE2d 529) (1974). In the case before us, there is evidence, although in dispute, which authorized the amount of the jury's verdict.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 8, 1982.

*Hoke Smith III, T. Gordon Lamb,* for appellant.
*J. Wayne Moulton,* for appellee.