## 64656. HITCHCOCK et al. v. KEY.

DEEN, Presiding Judge.

Appellants bring this appeal of the successful challenge by appellee, plaintiff below, of the statutory presumption of survivorship, Ga. Code Ann. § 56-2426, in the deaths of an insured and her primary and contingent beneficiaries in a common accident. Appellants enumerate four errors: (1) the court erred in denying appellants' motions for a directed verdict, which were based on alleged absence of the statutorily prescribed "sufficient evidence" to support a jury determination; (2) the court incorrectly charged the jury on § 56-2426; and (3,4) the court erroneously denied appellants' request for two charges having to do, respectively, with plaintiff's burden of proof and the probative value of circumstantial evidence.

Shirley Perrotta Key, her husband, Ennis P. Key, Jr., and her unmarried brother, Russell Perrotta, were all found dead of carbon monoxide poisoning apparently caused by fumes emitted from an unvented gas heater in the three-room house they occupied in a former mill village in Putnam County, Georgia. The insurance policy

on Shirley's life named Ennis as primary beneficiary and Russell as contingent beneficiary. Fannie Belle Key, Ennis' mother and Administratrix of his estate, claimed the proceeds and brought an action against the insurer, Independent Life and Accident Ins. Co., and Roy Vining, Administrator of Shirley's estate. Beatrice Perrotta, mother of Shirley and Russell, and three of her surviving children were joined as necessary parties, as was J. Franklin Hitchcock, Administrator of Russell's estate. Independent Life interplead, paid the proceeds into the court registry, and was discharged from the case. The issue at trial was the sequence of the three deaths.

To carry her burden of overcoming the statutory presumption of survivorship of the insured, plaintiff below called as an expert witness a forensic pathologist, the medical doctor who had performed autopsies on the three bodies. He testified that, in view of factors including the three decedents' relative proximity to the heater, the attitudes of their bodies when discovered, such autopsy findings as the condition of internal organs and the carbon monoxide content of the blood, and the decedents' age, sex and physical condition, there existed a reasonable medical certainty that the deaths occurred in this order: Russell, Shirley, Ennis. A toxicologist (a Ph.D. rather than an M.D.) gave a deposition as defendants' expert witness that in the circumstances it was impossible to determine the sequence of the deaths to a reasonable medical certainty.

The court charged the jury, *inter alia,* as follows: a determination that Ennis had survived Shirley would mandate a verdict for plaintiff; a finding that Ennis had predeceased Shirley and that Russell had survived both would result in a verdict for defendant Hitchcock; a verdict for defendant Vining would be required either if it were determined that Shirley had survived both Ennis and Russell or if it were impossible to determine by a preponderance of the evidence that the deaths were otherwise than simultaneous. Defendants below challenged this last instruction as incomplete and unclear, and the court gave a curative instruction. The jury found for plaintiff below, and defendants have appealed. *Held:*

1. There was sufficient evidence adduced at trial to justify the trial court's denial of appellants' motions for a directed verdict. Appellants urge that a higher standard of appellate review than the normal "any evidence" rule is appropriate in this case because the phrase "sufficient evidence" appears in the applicable statute, Ga. Code Ann. § 56-2426. Appellant cites no relevant authority for this proposition, and we find none. "The proper standard to be used . . . is the 'any evidence' test." *Beck v. State,* 149 Ga. App. 571 (254 SE2d 891) (1979); *Winston Corp. v. Park Elec. Co.,* 130 Ga. App. 508 (203

SE2d 753) (1973). Assessment of the weight of the evidence is within the province of the jury; the appellate court addresses only whether there was sufficient evidence to support a jury verdict. *Steverson v. Hosp. Auth. of Ware County,* 129 Ga. App. 510 (199 SE2d 881) (1973). See *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). The required quantum is "more than a scintilla." *McCarty v. Nat. Life &c. Ins. Co.,* 107 Ga. App. 178 (129 SE2d 408) (1962). When, as in this case, the trial judge has approved the jury's verdict, the sole question at the appellate level is whether there was any evidence sufficient to support it. *Adler v. Adler,* 207 Ga. 394, 405 (61 SE2d 824) (1950). In the case *sub judice* the jury heard conflicting testimony from two expert witnesses and must be presumed to have resolved the conflict in accordance with the principles charged by the trial judge. "[A] jury resolution of conflicting theories is ... beyond the reach of ... [the appellate] court." *Lurlee, Inc. v. Pernoshal-39 Co.,* 135 Ga. App. 724, 728 (218 SE2d 701) (1975). See *Powers v. Powers,* 228 Ga. 598 (187 SE2d 291) (1972). Denial of appellants' motions for a directed verdict was therefore not error.

2. The trial court's charge on Ga. Code Ann. § 56-2426 was not confusing, misleading, or impermissibly burden-shifting when viewed in its entirety. The charge on this section as initially delivered employed *verbatim* the statutory language. When defense counsel asserted (erroneously, as careful reading of the record reveals) that the court had omitted a portion of the charge and requested a supplemental instruction, the court in acceding to the request inadvertently substituted for the statutory "Where there ... is not sufficient evidence that they have died otherwise than simultaneously" the language, "If you find ... that all parties died simultaneously ..." The record discloses, however, that the portion of the jury charge pertaining to § 56-2426, when read as a whole, presents a clear and accurate statement of the statute's provisions as adjusted to the instant case. When considering an allegedly erroneous charge, the appellate court must look to the charge in its entirety: "If the charge as a whole is not misleading, there is no error." *State Hwy. Dept. v. Davis,* 129 Ga. App. 142 (199 SE2d 275) (1973); *Smith v. Rich's, Inc.,* 126 Ga. App. 239 (190 SE2d 493) (1972). In the context of the entire relevant instruction, the language objected to cannot be characterized as reversible error, and appellants' second contention is without merit.

3, 4. Appellants' remaining enumerations of error concern the trial court's denial of requests for specific charges. It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. *Keller v. State,* 245 Ga. 522 (265 SE2d 813) (1980). All that is necessary,

provided the requested charge accurately states the relevant principles of law, is that these principles be "fairly given to the jury in the general charge." *Irwin v. State,* 244 Ga. 850 (262 SE2d 99) (1979). When it can be determined that the charge actually given "conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation," denial of a request for a specific charge is not reversible error. *Evans v. DeKalb County Hosp. Auth.,* 154 Ga. App. 17, 20 (267 SE2d 319) (1980).

In this case the trial court correctly charged as to the meaning of "burden of proof" and "preponderance of the evidence" and further charged that "if the plaintiff does not prove her case by preponderance of the evidence, your verdict would be in favor of the defendant...," and "in order for the plaintiff to prevail, you must find that Ennis P. Key, Jr., survived his wife, Shirley P. Key." The charge correctly states the law and its application to the facts of this case. Under the standard enunciated *supra,* there is no merit in appellants' contention that, because the charge was not given exactly as requested, the jury was not informed as to what plaintiff was required to prove. The same standard governs appellants' contention that the court erred in refusing to charge that "the testimony of an expert witness ... that the occurrence in question 'could have' resulted in a particular sequence of death ... is insufficient evidence upon which to base a verdict for the plaintiff." Nowhere in his testimony did appellee's expert witness use the conditional language "could have" with regard to the sequence of deaths; he stated unequivocally, "I am basing my opinion on known scientific facts..." For this reason the charge as requested was improper. Moreover, the court charged that the jury was not required to accept the testimony of an expert witness but was to assign to such testimony "only such weight and credit as you think it is properly entitled to receive." This charge correctly states the relevant principle; to have given the additional charge requested would have been, at best, an encroachment upon the jury's prerogative of assessing the testimony's weight and credibility and, at worst, perhaps misleading.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 15, 1982.

*Joel D. Burns,* for appellants.

*James E. Carter, Jesse Copelan, Jr., William H. Hinesley,* for appellee.