66484. DURDEN v. COLLINS.

CARLEY, Judge.

Appellant-plaintiff was injured when the automobile in which she was a passenger collided with that being operated by ap-

pellee-defendant, an uninsured motorist. Appellant filed an action against her uninsured motorist carrier and appellee, seeking damages for the pain and suffering occasioned by the injuries she sustained in the collision. The case was tried before a jury and a verdict was returned for appellee. Appellant appeals.

1. Appellant enumerates the general grounds. Our review of the transcript demonstrates that there was sufficient evidence to authorize a reasonable trior of fact to find for appellee. "An appellate court passes on the sufficiency of the evidence, not the weight." *Giordano v. Fed. Land Bank,* 163 Ga. App. 390, 391 (294 SE2d 634) (1982). "It is the duty of this court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge." *Associated Mutuals v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393) (1946). See also *Allard Prods. v. Apollo Contractors,* 163 Ga. App. 373, 374 (294 SE2d 594) (1982).

2. In related enumerations, appellant asserts error in the trial court's instructions with regard to the principles of negligence. The jury instruction on negligence given in the instant case was appropriate to the evidence offered and was an accurate statement of the applicable law. When a challenged instruction fairly and accurately presents the substance of an instruction requested by one of the parties, it is not error for the court to decline to use the exact language requested. See *Keller v. State,* 245 Ga. 522 (265 SE2d 813) (1980); *Brooks v. Douglas,* 163 Ga. App. 224 (292 SE2d 911) (1982); *Hitchcock v. Key,* 163 Ga. App. 901 (296 SE2d 625) (1982). The trial court's instructions on negligence were not erroneous.

3. The evidence authorized the court to give the jury instructions on the statutes pertaining to proper speed and the use of headlights. "It is not error to give an instruction where there is any evidence . . . on which to predicate it." *Morse v. MARTA,* 161 Ga. App. 405 (288 SE2d 275) (1982). The trial court did not err in giving these instructions.

4. Appellant enumerates as error the giving of a charge on legal accident. The evidence adduced at trial clearly demonstrated that the collision between the two vehicles could only have been caused by the negligence of appellant's host-driver or the negligence of appellee or the negligence of both. Since, under this evidence, the jury would have been authorized to find that the collision was the result solely of the negligence of appellant's host-driver, appellee asserts that a charge on the defense of legal accident was not erroneous. See generally *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982).

In *Chadwick v. Miller,* 169 Ga. App. 338 (—— SE2d ——) (1983), this court resolved the conflict which theretofore had existed with

reference to the defense of accident. In *Chadwick,* we approved the "strict" definition of legal accident as exemplified by such cases as *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942), and specifically disapproved the "broad" definition of accident enunciated in cases such as *Garrett v. Brannen,* supra. "Henceforth, cases in which the negligence of another is relied upon defensively are to be submitted to the jury under general instructions regarding the factual determination of whether or not the defendant was negligent and, if so, whether his negligence was the proximate cause of the injuries sustained. The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" (Emphasis in original.) *Chadwick v. Miller,* supra at 344. The rationale for such a holding is adequately set forth in *Chadwick* and will not be repeated here.

As noted above, the evidence in the instant case would only authorize findings that the collision was the result of the *negligence* of either one or the other of the drivers of the two vehicles involved or of both combined. Accordingly, the instant case clearly does not come within the "strict" definition of legal accident and is therefore controlled by *Chadwick.* " 'There was no evidence from which the jury could have found that the collision was an unavoidable accident. Somebody must have been at fault, and the question for the jury to determine was, who was guilty of negligence; and they should have been permitted to go directly into that question, without having their attention distracted by the consideration of the impossible theory that the [appellant's injuries were] the result of an accident.' " *Morrow v. Southeastern Stages,* supra at 147. " 'It is clear from the evidence that [appellant's] injuries were caused either by the negligence of the [host-]driver of the automobile or that of [appellee] . . . The jury returned a verdict for [appellee] in the present case. It may be that the jury reached the conclusion that [appellee] was entirely without fault, and that the negligence of the [host-]driver was the proximate cause of [appellant's] injuries, but, under the charge which is complained of, it can not be said that its attention was not distracted from the real issues of negligence by a consideration of a theory wholly unauthorized by the evidence.' [Cit.]" *Chadwick v. Miller,* supra at 340.

Accordingly, the case is reversed and a new trial ordered.

*Judgment reversed. Shulman, C. J., Quillian, P. J., McMurray, P. J., and Banke, J., concur. Deen, P. J., Birdsong, Sognier and Pope,*

*JJ., concur specially.*

Decided December 5, 1983.

*Nick Long, Jr.,* for appellant.
*William A. Dinges,* for appellee.

Deen, Presiding Judge, concurring specially.
In *Chadwick v. Miller,* 169 Ga. App. 338 (—— SE2d ——) (1983), this court reviewed the evolution of its previous rulings on the law of legal accident, and therein approved the strict definition applied in such cases as *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942) and *Toles v. Hair,* 83 Ga. App. 144 (63 SE2d 3) (1951). Because the instant case falls within the ambit of the rulings in *Morrow* and *Toles,* I concur with the result reached in the majority opinion's judgment of reversal and also concur with what is said in Judge Sognier's special concurrence.

There is no disagreement with the proposition that where an injury or incident involves two parties only, where the evidence *demands* a finding that either the plaintiff or the defendant, or both, was negligent, and that negligence proximately caused the injury or incident, a jury instruction on legal accident is error. Where, however, the evidence merely *authorizes,* rather than demands, such a finding, a charge on legal accident is allowable if in fact the issue is raised by the evidence, because the corollary of that evidentiary equation is that a finding that neither party was negligent would also be authorized.

The convolution of the doctrine of legal accident developed in cases in which the injury or incident actually involved three parties, one of which was not a party to the action. These third party cases appear to consist of two general factual structures: (1) where the third party was the driver of the vehicle in which one of the parties to the action was a passenger; and (2) where the third party was in a separate vehicle. With regard to the first factual structure, this court in both *Morrow v. Southeastern Stages,* supra, and *Toles v. Hair,* supra, held that even though the passenger was without fault, if the evidence demands a finding that the driver of the passenger car or the driver of the other vehicle, or both, was negligent and the negligence proximately caused the injury or incident, a defense of legal accident is unavailable. With regard to the second factual structure, however, this court in the past has formulated the rule that where the evidence

authorizes a finding that even though the separate third party was or may have been negligent and same was the proximate cause of the injury or incident, and neither the plaintiff nor the defendant was, legal accident is available. See *Boatright v. Sosebee,* 108 Ga. App. 19 (132 SE2d 155) (1963); *Lynch v. Broom,* 158 Ga. App. 52 (279 SE2d 302) (1981); *Elder v. MARTA,* 160 Ga. App. 78 (286 SE2d 315) (1981). Unfortunately, some decisions of this court overlooked the distinction between the two factual structures and applied the rule controlling the second structure to cases involving the first structure. See *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982), involving an infant passenger plaintiff, in which any negligence of her father could not be imputed to her, but which case was overruled in *Chadwick v. Miller,* supra. (In all third-party cases, of course, if the evidence demands a finding that either the plaintiff or the defendant, or both, was negligent and the negligence was the proximate cause of the injury or incident, legal accident is unavailable.)

In summary, as I understand it, the majority opinion in *Chadwick v. Miller,* supra, and in the instant case, both of which I would categorize as first structure cases, reached out and overruled many second structure cases; therefore, the extended rule now appears to be that legal accident can no longer co-exist and is now unavailable in *all* third party cases, where the evidence demands a finding that either the plaintiff or the defendant or the non-party third party was negligent and that same was the proximate cause of the injury or incident. (It does not exclude legal accident where the evidence merely *authorizes* such a finding, because of the corollary that a finding of no negligence of any party would also be authorized.) The primary effect of that decision thus is to remove legal accident as a defense in cases involving the second factual structure as well as the first factual structure discussed above. I have some reservations against disallowing legal accident in the second structure line of third-party cases, as this removes from the jury one additional tool in formulating a verdict in complicated situations. As noted above, however, the instant case and *Chadwick* both are factually controlled by *Morrow v. Southeastern Stages,* supra, and *Toles v. Hair,* supra. Accordingly, I agree with the decision of reversal.

SOGNIER, Judge, concurring specially.

I specially concur in Division 4 for the reasons set forth fully in my special concurrence in *Chadwick v. Miller,* 169 Ga. App. 338 (—— SE2d ——) (1983), which I will not reiterate here, except to note the following: First, I would not overrule *Garrett v. Brannen,* 164 Ga. App. 10 (296 SE2d 205) (1982), inasmuch as that holding, which did

not approve the use of the instruction on accident but found instead that the charge was harmless error, can be restricted to its peculiar facts. Second, since the instant case, like *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942), and *Toles v. Hair,* 83 Ga. App. 144 (63 SE2d 3) (1951), involves a passenger in one of the two vehicles involved in the collision and, because the evidence shows that the collision resulted from the negligence of either one driver or the other, or both, I concur in the majority's holding that the trial court erred in instructing the jury on the law of accident.

I am authorized to state that Presiding Judge Deen and Judge Birdsong join in this special concurrence and Judge Pope concurs in part.

POPE, Judge, concurring specially.

I concur in the opinion of Judge Sognier. However, as noted in my special concurrence in *Chadwick v. Miller,* 169 Ga. App. 338 (—— SE2d ——) (1983), I advocate overruling *Garrett v. Brannen,* 164 Ga. App. 10 (1) (296 SE2d 205) (1982), as I find it to be in direct conflict with *Morrow v. Southeastern Stages,* 68 Ga. App. 142 (22 SE2d 336) (1942), and *Toles v. Hair,* 83 Ga. App. (2) (63 SE2d 3) (1951).