A92A0047. SWINT v. SMITH.
(418 SE2d 375)

JOHNSON, Judge.

On January 20, 1989, A. J. Swint and his son, Allen, were completing construction of the roof on a farm equipment shelter they had built on their farm. Swint's neighbor Smith, an experienced carpenter/painter, stopped by the construction site for a visit. Smith agreed to assist the Swints in placing tin sheets on the uncompleted side of the shelter roof.

After the sixth sheet of tin had been secured to the roof, Smith turned and began walking back down toward the edge of the roof to get another piece of tin. As he approached the eaves, he stepped on an unsecured two-by-four, lost his footing, and fell to the ground. He suffered a broken hip in the fall.

Swint claims that prior to Smith's fall, Allen warned Smith that there were unnailed two-by-fours on the roof. Smith contends that he was informed by Allen of the presence of the unnailed boards, but that he was told that these boards were on the opposite end of the roof from where they were working.

Smith sued Swint and a verdict was returned in favor of Smith, awarding him $25,000 in damages. We affirm.

1. Swint contends that the trial court erred in denying his motion for directed verdict. Swint argues that his mere ownership of the property on which the shelter is located is insufficient to establish his liability and that even if he was negligent, Smith, as a matter of law, should have avoided the consequences of that negligence.

It is clear that mere ownership of land does not provide a basis for liability for injuries sustained thereon absent negligence on the part of the owner. See *Jones v. Interstate North Assocs.,* 145 Ga. App. 366, 368 (243 SE2d 737) (1978). The basis of liability of an owner to an invitee is his superior knowledge of a condition that may subject the invitee to an unreasonable risk of harm. See *Sutton v. Sutton,* 145 Ga. App. 22, 25 (243 SE2d 310) (1978). An owner of land

is liable for failure to warn his invitees of dangers or defects on the premises which are known to him or of which it was his duty to know in the exercise of ordinary care. *Sutton*, supra. In the instant case, it is uncontroverted that Smith held the status of an invitee on Swint's property. However, there is a dispute between the parties with regard to the adequacy of a warning which would have enabled Smith to exercise the ordinary care for his own safety necessary to avoid injury.

"A motion for directed verdict is properly granted if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 421 (249 SE2d 224) (1978). See also OCGA § 9-11-50 (a). Where there exist disputed issues of *material* fact, as in the case sub judice and there is any evidence in the record from which the jury could find in favor of the party opposing the *motion*, it would be improper for the trial court to direct a verdict. Accordingly, the trial court properly denied Swint's motion for a directed verdict.

2. Swint enumerates as error the trial court's refusal to instruct the jury that Smith had the burden of proving fault on the part of Swint and ignorance on the part of Smith.

"It is axiomatic that a jury charge need not be given in the exact language requested if the charge as given clearly covers the circumstances of the case. [Cit.] All that is necessary, provided the requested charge accurately states the relevant principles of law, is that these principles be 'fairly given to the jury in the general charge.' [Cit.] When it can be determined that the charge actually given 'conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact situation,' denial of a request for a specific charge is not reversible error. [Cit.]" *Hitchcock v. Key*, 163 Ga. App. 901, 903-904 (296 SE2d 625) (1982). In the instant case, though Swint asserts that the court's refusal to give his charge as requested constitutes reversible error, we find the court's charge, as given, adequately covers the principle of law requested. Accordingly, the trial court did not err in refusing to give defendant's charge number eight as requested.

3. Swint further contends that the trial court committed error by instructing the jury that actual knowledge of the risk on the part of the injured party must be shown for the defense of assumption of the risk to prevent the injured party from recovering. He asserts that the court erred in failing to instruct the jury that objective knowledge, rather than actual knowledge of the risk is sufficient to prevent Smith's recovery.

" 'One who *knowingly and voluntarily* takes risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care

and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence.'" (Emphasis supplied.) *Shuman v. Mashburn,* 137 Ga. App. 231, 236 (233 SE2d 268) (1976); *Doctors Hosp. of Augusta v. Poole,* 144 Ga. App. 184, 185 (241 SE2d 2) (1977); *Johnson v. Jackson,* 140 Ga. App. 252, 258 (5) (230 SE2d 756) (1976); *Southland Butane Ga. Co. v. Blackwell,* 211 Ga. 665 (88 SE2d 6) (1955).

The trial court instructed the jury that "(a)ctual knowledge of the risk on the part of the injured party must be shown for assumption of the risk to prevent the injured party from recovering." While it would have been preferable for the trial court to have given the pattern jury instruction on assumption of the risk, nevertheless, the charge as given, adequately covered the correct principle of law. Therefore, Swint's enumeration is without merit.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1992 —
RECONSIDERATION DENIED APRIL 24, 1992 — 

*Doremus, Jones & Smith, Julian B. Smith, Jr.,* for appellant.
*Roach & Bradley, Hal Roach, Jr.,* for appellee.