A93A1268. MOFFITT et al. v. HUTCHINSON et al.
(435 SE2d 707)

BIRDSONG, Presiding Judge.

Plaintiffs Rita and Robert Moffitt appeal from a verdict and judgment in favor of defendants Jeffrey Hutchinson and Little Caesar Enterprises, Inc., in a suit for damages arising out of a collision between plaintiffs' vehicle and Hutchinson's vehicle, while Hutchinson was en route to work after picking up his co-worker, who was also his girl friend. Appellants contended Hutchinson's supervisor instructed him to pick up his co-worker. A verdict of liability was directed against Hutchinson. The issue remaining for trial was whether he was acting within the scope of his employment for Little Caesar's at the time of the collision.

Appellants contend the trial court erred by failing to give the entirety of this requested charge, from *Jones v. Aldrich Co.*, 188 Ga. App. 581, 583 (373 SE2d 649): that an employee in going to and from his work acts only for his own purposes and not for those of his employer except where the employee undertakes a special mission at the direction of the employer. Where the employee is on his way from his home to perform " 'some special service or errand or the discharge of some duty incidental to the nature of his employment' " in the interest of, or under direction of, his employer, and an injury arises en route from the home to the place where the work is performed, such

injury is considered as arising out of and in the course of the employment.

The trial court's charge omitted the language quoted above. Appellants contend this omission eviscerated their case because the issue was whether Hutchinson's supervisor instructed him to pick up his co-worker. *Held*:

The trial court charged the jury that an exception to the general rule that an employee going to and from work acts only for his own purpose and not for his employer exists "when the employee *undertakes a special mission at the direction of [his] employer*, where the employee before customary working hours is on the way from his home to perform the discharge of some duty under the direction of his employer." (Emphasis supplied.) This charge was correct and covered the point made by appellants, i.e., that Hutchinson was on his way to perform "some special service or errand" under the direction of his employer. The requested language is surplusage to the charge given. If the jury had found that Hutchinson was directed by his manager to pick up his co-worker, under the charge actually given they would perforce have found Little Caesar's liable as respondeat superior.

Failure to give a charge in the exact language requested is not error, where the charge given substantially covers the circumstances in the case; all that is necessary is that the principles in the requested charge be fairly charged, and that the charge accurately charges the law under the evidence in the case. *Swint v. Smith*, 204 Ga. App. 54, 55 (418 SE2d 375); *Hitchcock v. Key*, 163 Ga. App. 901, 903-904 (296 SE2d 625).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 26, 1993 —
RECONSIDERATION DENIED SEPTEMBER 17, 1993.

Jean E. Johnson, Jr., Lance A. Cooper, for appellants.
Lane, O'Brien, Caswell & Taylor, Stephen J. Caswell, Steven J. Misner, for appellees.