McMurray, Presiding Judge.
This case involves an adjudication that a juvenile is delinquent and committed to the custody of the Georgia Department of Human Resources. The notice of appeal states clearly that all evidence, that is, transcript of the evidence and proceedings, would not be filed inasmuch as the complaint is that the juvenile court lost jurisdiction in denying the juvenile his statutory right of a “speedy trial” in that the petition was filed 171 days after the juvenile had been detained, all of which was in violation of Code Ann. § 24A-1404 (Ga. L. 1971, pp. 709, 725; 1977, pp. 1237, 1242).
Consequently, the only facts that we will consider here are those found in the various orders of the court with reference to the juvenile. Examination of these orders shows that the juvenile was charged with delinquent acts alleged to have been committed on May 28,1979, constituting the offense of aggravated assault were the juvenile an adult. The court in its order on that date determined that he might be a delinquent child, “believed to be in need of physical, psychological and/or psychiatric examination.” Further, since no previous information was available to the court, and the juvenile’s father, upon the juvenile’s release to the father without bond after his detention by the Eatonton police department, had “caused the juvenile to be admitted to the psychiatric ward of West Paces Ferry Hospital in Atlanta, Georgia,” the court ordered that the juvenile temporarily remain in the custody of his father as provided by law under Code Ann. § 24A-1401 (Ga. L. 1971, pp. 709, 722) and Code Ann. § 24A-2601 (Ga. L. 1971, pp. 709, 737; 1973, pp. 882, 888). As a further condition of parental custody, the father was ordered “to procure a written report of the findings of the said examination and evaluation as soon as the same may be made available... and... to furnish such report to the Court immediately upon receipt of same.” The juvenile was ordered to remain at the hospital until further order of the court unless this appeared to be impossible which in that event the father was to immediately appear before the court and notify the court of this fact so that further appropriate action could *733 be taken. All further action was stayed and continued until such time as the report might be received by the court or until further order. This order was issued nunc pro tunc, as of May 28,1979, on May 31, 1979.
Thereafter, on November 8,1979, an order was entered setting a hearing in the.juvenile court for November 15,1979, and the sheriff was authorized and directed to pick up the juvenile at the West Paces Ferry Hospital in Atlanta, Georgia, for the purpose of returning him to Eatonton for the hearing. On November 15,1979, the date of the hearing, a petition was filed in the juvenile court naming the child as being in need of supervision, treatment, or rehabilitation, in that said child is a delinquent child and subject to the jurisdiction of the court because of the alleged delinquent acts constituting the offense of aggravated assault were the child an adult. After a hearing on that date, the court decided that it was necessary to take the matter under further advisement and consideration and ordered the juvenile to be returned to the West Paces Ferry Hospital in Atlanta, Georgia, to be held under the same conditions heretofore ordered and the court further provided for the family to visit the juvenile over the Thanksgiving weekend at some place outside of said hospital but also at some place other than Putnam County, Georgia. The court further directed that the doctor treating the juvenile make such other and further investigation in the matter as is directed by the court. This order, while dated November 15, 1979, was filed in the juvenile court on November 16, 1979. On December 21, 1979, following the hearing by the court on November 15,1979, and after consideration of the results of the examination and evaluation of said juvenile financed by his parents at West Paces Ferry Hospital in Atlanta, Georgia, and upon consideration of all of said evidence, the court determined that the child was subject to the jurisdiction and protection of the court as provided by law, and found the child to be in a state of delinquency and in need of correction, treatment, care and rehabilitation. Whereupon the child was committed to the Division for Children and Youth, Department of Human Resources. The juvenile appeals. Held:
1. This appeal is based upon the lack of jurisdiction because the petition was not filed until 171 days after the juvenile had been detained in violation of Code Ann. § 24A-1404, supra, and denied his statutory right to a “speedy trial.” The time limits set forth in the juvenile court code are jurisdictional and must be strictly adhered to. See J. B. H. v. State of Ga., 139 Ga. App. 199, 203 (228 SE2d 189). When this child was picked up for allegedly committing delinquent acts on May 28,1979, constituting the offense of aggravated assault were he an adult, Code Ann. § 24A-1401, supra, and Code Ann. § *734 24A-1402 (Ga. L. 1971, pp. 709, 723; 1973, pp. 882, 885; 1977, pp. 1237, 1238) were immediately complied with in that the detained child was immediately released without bond to his father, and the father caused him to be admitted to the psychiatric ward of West Paces Ferry Hospital in Atlanta, Georgia.
A further hearing was not set until November 8,1979, reflecting the child’s continuing custody at the West Paces Ferry Hospital. Said hearing was held, at which time the petition alleging delinquency was filed. Consequently, the petition and hearing was held on the same date. Hence, there could be no violation of Code Ann. § 24A-1701 (a) (Ga. L. 1971, pp. 709, 727; 1974, pp. 1126, 1129) in this instance as was the case in J. B. H. v. State of Ga., 139 Ga. App. 199, 203 (1), supra.
2. The record here shows that upon release of the juvenile without bond to his father, the father caused the juvenile to be admitted to the psychiatric ward of West Paces Ferry Hospital in Atlanta, Georgia, under the care of a licensed psychiatrist for the purpose of psychological and psychiatric examination, evaluation and treatment. The juvenile court agreed because no information was available as to same, and this was satisfactory with the court provided the father procured a written report of the findings of said examination and evaluation as soon as the same may be made available. However, the court ordered that the juvenile remain at said hospital until notification to the court, thereby staying all proceedings in the matter until such time as such report may be received. We find no evidence of the denial of any statutory rights to the juvenile based upon Code Ann. § 24A-1404, supra, despite the fact that this statute requires that the petition be made and presented to the court within 30 days after his release. See Code Ann. § 24A-1404 (b), supra. We do not consider that he had been released due to the fact that the father had committed him to the psychiatric ward of the hospital which was satisfactory with the juvenile court. The order nunc pro tunc, as of May 28, 1979, on May 31, 1979, complies with the 72 hour informal detention hearing of Code Ann. § 24A-1404 (c), supra. Code Ann. § 24A-2601, supra, is not controlling during the time the child was being evaluated by the medical doctors at West Paces Ferry Hospital. From the record that we have before us, we cannot say that the court did not rehear the matter without unnecessary delay after receiving the report. There is no information in the record as to when the report was received by the court in the absence of the transcript. Under the circumstances of this case we do not find that the juvenile was denied a speedy hearing in violation of Code Ann. § 24A-1404, supra.

Judgment affirmed.

Smith and Banke, JJ., concur.

Submitted April 16, 1980
Decided April 30, 1980
Rehearing denied May 27, 1980
George D. Lawrence, Jr., for appellant.
Joseph H. Briley, District Attorney, for appellee.