181 Ga. App. 14 (1986)
351 S.E.2d 243
IN RE R. L. Y. et al.
72664.
Court of Appeals of Georgia.
Decided November 20, 1986.
Franklin E. Remick, for appellant.
W. Ashley Hawkins, Malcolm K. Sullivan, Michael J. Bowers, Attorney General, David C. Will, Assistant Attorney General, for appellee.
DEEN, Presiding Judge.
This is a direct appeal by the natural father from an order of the juvenile court terminating his parental rights in his three minor children.[1] Appellant complains that the trial court erred by not applying the "appropriate standard of clear and convincing evidence" in making the determination to terminate his parental rights.
After extensive hearing on DFCS' petition based on deprivation under OCGA § 15-11-2 (A),[2] at which the natural father was present and represented by counsel and at which the interests of the children were represented by their attorney/guardian ad litem, the court concluded as a matter of law that the three minor children were deprived "in that each is a child without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his or her physical, mental, or emotional health or morals  all of which meet the requirements of a `deprived child' as defined in O.C.G.A. Section 15-11-2 (8) (A)"; that "if the children are *15 restored to their father, that each will suffer serious physical, mental or emotional harm"; that the father "is suffering from mental illness . . . and he will not recover and is not treatable"; that the "`welfare of the children' is best met in terminating the rights of the father, . . ."; and that "the father . . . through unintentional misconduct is an unfit parent that resulted in abuse or neglect to these three children in that he is mentally incapable to care for them. Therefore the test of parental unfitness meets the standard set out in Ray v. Department of Human Resources, 155 Ga. App. 81, and as set out in In The Interest of T. R. G. et al., 162 Ga. App. 177." The court also recited OCGA § 15-11-5 (a) (2) (C), jurisdiction, and § 15-11-2 (8) (A), definition of "deprived child," as applicable. The appellant contends that because the court, in its order of termination did not expressly intone the words of the standard or quantum of proof for termination, i.e., compelling circumstances found to exist by "clear and convincing" evidence, the court did not apply the required legal standard. Held:
Where, as here, the evidence may appear to the appellate court as more than ample to almost overwhelming, does the absence in the findings of fact and conclusions of law of the required standard "clear and convincing evidence" of a parent's unfitness prior to termination of the latter's rights, demand that we remand this case for further determination? Since 1982 the answer seems to be in the affirmative. The Supreme Court's language such as "[r]equiring that the trial court find . . ." this quantity of evidence and "demanding that this high burden of proof be met furthers the state's legitimate interest in protecting the child, yet forestalls arbitrary state interference with the integrity of the family unit," would indicate that we have no choice but to make certain this was done. See Blackburn v. Blackburn, 249 Ga. 689, 692 (292 SE2d 821) (1982) (emphasis supplied); Santosky v. Kramer, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982).
It is noted that in Messex v. Lynch, 255 Ga. 208, 210 (336 SE2d 755) (1985), the Supreme Court declared that "[it] is not that the magic words are spoken but what is said and done irrespective of the magic words." Messex, however, was a civil case relating to required medical standards of an expert witness in a malpractice case. Had the trial judge failed to charge the jury that they must find for one party or the other at least by a preponderance of evidence, then that case would surely have been reversed. While the instant case is also a civil proceeding, it may be equated to or elevated above, in importance, to criminal cases, as individual constitutional rights, both state and federal, of parent and child are involved. "Seldom does the state wield so awesome a power as when it permanently cuts the family ties between parent and child." R. C. N. v. State of Ga., 141 Ga. App. 490, 491 *16 (233 SE2d 866) (1977). The "tearing of the flesh" of one's offspring is a penalty by the state second in severity, or arguably surpassing in severity, only to depriving a person of his or her liberty. Nix v. Dept. of Human Resources, 236 Ga. 794, 795 (225 SE2d 306) (1976). In any criminal case, if it were not clear that the trial judge charged the proper standard on evidence "beyond a reasonable doubt," we would not hesitate to remand for a new trial. Where, as here, the trial judge also acts as finder of fact, our duty is no less in making certain the proper standard was utilized by the court. There is no reference in the trial court's order as to his finding "clear and convincing evidence" of appellant's unfitness or the children being deprived. The only two cases cited in the trial judge's order are Ray v. Dept. of Human Resources, 155 Ga. App. 81 (270 SE2d 303) (1980) and In the Interest of T. R. G., 162 Ga. App. 177 (290 SE2d 523) (1982). Both of these cases pre-date Blackburn and Santosky, and neither refers to the present required standard of clear and convincing evidence. See OCGA § 15-11-51, as recodified into OCGA § 15-11-80 by Ga. L. 1986, p. 1017 et seq., effective July 1, 1986, which requires that the court find clear and convincing evidence that a child is deprived or that a parent is unfit in proceedings akin to this.
We cannot follow in this case the proposition that even though the trial judge omitted an affirmative finding of the correct standard in his order, we must affirm since "`judges are presumed to know judicially what the law is' "[3]Winston Corp. v. Park Elec. Co., 130 Ga. App. 508 (203 SE2d 753) (1973),[4] citing Conney v. Atlantic Greyhound Corp., 81 Ga. App. 324 (1) (58 SE2d 559) (1950). Where a trial judge, as here, is also a factfinder, we can generally always presume he separated the wheat from the chaff. However, where the cases and the statute now require and demand use of the proper standard in such an awesome exercise of state power, as in the instant case, the better rule is to tolerate no doubt and make crystal clear that the court observes this mandate of affirmative action of ascertaining and asserting in every parental termination case the clear and convincing[5] evidence *17 standard. Accordingly, because the trial court did not make it clear that it applied the required standard in this case, the order of termination must be reversed and the case remanded for further findings by the trial court applying the correct standard.
Judgment reversed. McMurray, P. J., Sognier, and Benham, JJ., concur. Birdsong, P. J., and Carley, J., concur in the judgment only. Banke, C. J., Pope and Beasley, JJ., dissent. BEASLEY, Judge, dissenting.
OCGA § 15-11-51 (a) (2), then in effect, provided "that the court may order the termination of parental rights of a parent with respect to his child if `[t]he child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm; . . .' In a case such as this, the judge sits as trier of fact. Decisions as to credibility of witnesses rest solely with the judge, and if there is any evidence to support his findings, they will not be disturbed. Powell v. Dept. of Human Resources, 147 Ga. App. 251, 253 (248 SE2d 533) (1978). . . . The evidentiary standard for termination of parental rights is compelling facts to establish the necessary lack of proper parental care or control. Brown v. Dept. of Human Resources, 157 Ga. App. 106, 108 (1) (276 SE2d 155) (1981). ' "Only under compelling circumstances found to exist by clear and convincing proof may a court sever the parent-child custodial relationship." ' In the Interest of H. L. T., 164 Ga. App. 517, 520 (298 SE2d 33) (1982). Clear and convincing evidence of the elements of deprivation in OCGA § 15-11-51 (a) (2) is required to authorize the termination of parental rights. OCGA § 15-11-33 (b); In re L. A., 166 Ga. App. 857, 860 (305 SE2d 636) (1983); In re Suggs, 249 Ga. 365 (291 SE2d 233) (1982)." In the Interest of D. S., 176 Ga. App. 482, 483 (1) (336 SE2d 358) (1985).
Appellant's argument is that because the court in its order of termination *18 did not expressly intone the words of the standard or quantum of proof for termination, i.e., compelling circumstances found to exist by "clear and convincing" evidence, the court did not apply such legal standard. I cannot agree that the court's detailed order is fatally defective because it does not track the language of the standard nor that for this reason, the order shows on its face that the proper legal standard was not used.
To begin with, that it did not explicitly write this in its order is not fatal, as the standard of proof is neither "a finding of fact" nor "a conclusion of law." Instead, it is the measure, the yardstick, employed to find the facts. I do not discern a requirement to state that this was the measuring device used, in the cases cited.
Second, it is clear from a complete reading of then-applicable OCGA § 15-11-51, the statute providing grounds for terminating parental rights and other disposition, that the trial court must find from clear and convincing evidence that the child is a deprived child. Though such language appeared only in subsection (b) of the statute, which directly addressed alternatives to termination of parental rights following the judicial determination that a child is "deprived," it would be inharmonious to construe the statute in a fragmented fashion so that the express high quantum of proof be held to apply only in those situations in which the court elects less severe alternative disposition to termination. A statute, of course, must be construed as a whole. Board of Trustees of Policemen's Pension Fund v. Christy, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980). There is totally absent a basis for doubt that the trial court knew this.
In addition, newly enacted OCGA § 15-11-86 reinforces this construction of prior legislative intent by expressly providing: "In all proceedings under this article, the standard of proof to be adduced to terminate parental rights shall be by clear and convincing evidence." Ga. L. 1986, p. 1017, § 4. "`In construing statutes subsequent acts of the legislature on the same subject may be considered.' [Cits.] The courts are to be guided by the last expression of the General Assembly on a subject." Id. at 555 (1). The new law just clarifies the old law.
In any event, the originative determination in this case was that the child is "deprived"  that had to be found from clear and convincing evidence, and without doubt, the court made such specific determination of deprivation.
Furthermore, at the time of the court's decision to terminate, the state of the law with regard to the standard of proof required was well-documented in the case law of this state. See, e.g., In the Interest of D. S.; In re L. A.; In re Suggs, In the interest of H. L. T., supra. That being so, the principle that "'[j]udges are always presumed to know judicially what the law is'" applies. Winston Corp. v. Park Elec. Co., 130 Ga. App. 508 (203 SE2d 753) (1973), citing Conney *19 v. Atlantic Greyhound Corp., 81 Ga. App. 324 (1) (58 SE2d 559) (1950).
Finally, it is abundantly clear that the court was well-versed in the applicable law, for the case law expressly cited by it grew out of factual scenarios in many ways akin to appellant's situation, that is, where "the welfare of a child is of paramount importance provided there is also evidence that . . . the parent suffers from some mental disability that renders the parent unable to care for the child (i.e., unfit)." In the Interest of T. R. G., supra at 179. To agree with appellant here permits form to prevail over substance. We should not lose sight that "[i]t is not that the magic words are spoken, but what is said and done irrespective of the magic words." Messex v. Lynch, 255 Ga. 208, 210 (336 SE2d 755) (1985).
Though appellant enumerates as error solely what has just been identified and discussed, he expands his complaint in his brief to argue that the evidence did not justify termination. An examination of the record clearly demonstrates that there was a legally sufficient degree of evidence to support the trial court's detailed findings leading to the salient determinations of continuing parental unfitness, deprivation of the children, and the ultimate decision that termination of the father's rights was warranted. See Powell v. Dept. of Human Resources, 147 Ga. App. 251 (248 SE2d 533) (1978) and In the Interest of D. S., supra. Thus, the results of the court's fact-finding process bear witness to its use of the proper standard; they are in harmony.
"[A] rational trier of fact could have found by clear and convincing evidence that the natural parent's custody rights had been lost. [Cits.]" In re J. L. L. & M. A. M., 179 Ga. App. 313 (346 SE2d 106) (1986).
The final conclusion I reach is that the court applied the measure of clear and convincing evidence in reaching its judgment, and thus I would affirm.
I am authorized to state that Chief Judge Banke and Judge Pope join in this dissent.
NOTES
[1] Appellant filed an application for discretionary appeal of the termination of his parental rights as well as this direct appeal. The application was initially granted to insure that the natural father's rights on appeal were not forfeited until a jurisdictional determination was made by this court. Inasmuch as this court determined that "[a]ppeals from termination of parental rights do not fall within the purview of OCGA § 5-6-35 (a) (2), which requires discretionary appeal procedures for child custody cases," the discretionary appeal was dismissed. In the Interest of R. L. Y., M. R. Y. & R. A. Y., 180 Ga. App. 559 (349 SE2d 800) (1986).
[2] Effective July 1, 1986, the legislature has comprehensively revised the law governing juvenile court proceedings for the termination of parental rights. OCGA §§ 15-11-1 and 15-11-41 have been amended, OCGA §§ 15-11-51 through 15-11-54 have been repealed, and OCGA §§ 15-11-80 through 15-11-92 have been enacted. This case proceeds under the preexisting law.
[3] Then Chief Judge Felton qualified the idea that we can always presume judges know the law by adding that it is a notion theoretically correct.
[4] Judge H. Sol Clark adds the admonition that an able appellate advocate at argument was told: "You may presume the court knows the law" and the attorney's alert answer was, "Your honor, that was the mistake I made in the trial court."
[5] Speaking for the writer alone as to the content of this footnote, it is sometimes tempting to try to categorize, albeit in an inexact and speculative way, (a) quality of evidence and (b) quantity of evidence. An attempt as to the former was projected in Woods v. Andersen, 145 Ga. App. 492, 496 (243 SE2d 748) (1978), and the latter, though a difficult chore, will be briefly set forth below on a scale of 1 to 10. Accordingly, I would list:

 1. No competent evidence.
 2-3. Scintilla-to-slight evidence (probation revocation as to latter slight evidence).
 4-5. Reasonable evidence (change of custody between parents).
 6. Preponderance of evidence (civil cases).
 7. Clear and satisfactory evidence (old termination rule). See Brooks v. Boyd, 1 Ga.
 App. 65, 74 (57 SE 1093) (1907).
 8. Clear and convincing evidence (present termination rule); also see Prince v.
 Black, 256 Ga. 79, 80 (344 SE2d 411) (1986) (legitimation); DeKalb County v.
 Albritton Properties, 256 Ga. 103, 107 (344 SE2d 653) (1986) (zoning).
 9. Beyond a reasonable doubt (criminal cases).
 9 1/2. Overwhelming evidence (old termination rule). See Taylor v. Jeter, 33 Ga. 195
 (hn. 8) (1861).
 10. Absolute certainty (generally never required  except where empirical and scientific
 exactness is an issue in the case or otherwise applicable).

Seemingly the higher up the scale the more important is the case, and likewise the greater the duty imposed on the judge to utilize the correct standard.