74584. IN THE INTEREST OF C. T. L.
(357 SE2d 298)

DEEN, Presiding Judge.

This court granted a discretionary appeal to review an order of the Juvenile Court of Gwinnett County which placed temporary custody of C. T. L. in the Gwinnett County Department of Family and Children Services. The natural mother contends that the trial judge erred in using "the best interests of the child" test in placing custody with a third party. Held:

In determining an initial award of custody of a minor child to either of its natural parents, the court can exercise its discretion based upon "the best interests of the child." Gazaway v. Brackett, 241 Ga. 127 (244 SE2d 238) (1978). Where, however, a third party seeks to obtain custody of a child, the trial court must find by "clear and convincing evidence" that the parent is unfit or otherwise not entitled to custody under OCGA §§ 19-7-1 and 19-7-4. Blackburn v. Blackburn, 249 Ga. 689 (292 SE2d 821) (1982). "[W]here deprivation forms the predicate upon which the third party seeks a temporary transfer of the child's legal custody, in order to support such disposition the child must first be adjudicated to be a deprived child. By statute, that finding of deprivation must be made by 'clear and convincing evidence.' OCGA § 15-11-33 (b) (1) . . . In cases brought by a third party against the natural parent and alleging deprivation, the 'clear and convincing' standard of evidence applies with equal force to petitions for temporary custody as well as to any permanent transfer of custody or termination of parental rights." In re J. C. P., 167 Ga. App. 572, 575 (307 SE2d 1) (1983). Compare In re R. L. Y., 181 Ga. App. 14, 16, 18 (351 SE2d 243) (1986).

In the instant case, the court found "that there have been two different instances of said child receiving severe bruising and blood blisters and the natural mother as permanent legal custodian has failed to provide said child with the proper care and protection; that the best interest of said child would be served by continuing temporary custody with the Gwinnett County Department of Family and Children Services."

The issue was raised in In re R. L. Y., supra, where the evidence

of deprivation was found to be ample, whether this court must remand the case for further determination in the absence of findings of fact and conclusions of law of the required standard of "clear and convincing evidence" of deprivation in order to award temporary custody of the child to a third party. The court held that the case must be remanded. For the reasons set forth in that case, we also find that this case must likewise be remanded for further findings by the trial court which will apply the correct standard.

*Judgment reversed and case remanded with direction. Birdsong, C. J., and Pope, J., concur.*

## DECIDED MAY 11, 1987.

*Michael Greene*, for appellant.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Carol Atha Cosgrove, Senior Assistant Attorney General*, for appellee.