A91A2218. PENARANDA v. THE STATE.
(417 SE2d 683)

COOPER, Judge.

Appellant was convicted by a jury of one count of aggravated child molestation, and he appeals from the denial of his motion for new trial.

Appellant and his wife were the owners of a day care center attended by the victim. Approximately two months after the victim began attending appellant's day care center, the victim's mother became concerned when the victim kissed her with his tongue. The victim, who was approximately one month from turning three years old, had also exhibited behavior changes, and upon being questioned by his mother, the victim told her that appellant had put his penis in the victim's mouth. The mother contacted the police, and the ensuing investigation resulted in two videotaped interviews of the victim, which were shown at trial. Appellant raises four enumerations of error on appeal.

1. Appellant first contends that the instructions of the trial court to the jury on the degree of proof necessary for conviction were in error. The trial court gave the pattern jury instructions on the degree of proof necessary to convict an accused and stated, in relevant part, "However, the State is not required to prove the guilt of the defendant beyond all doubt or to some mathematical certainty. Moral and reasonable certainty is all that we expect and all that can be expected in any legal investigation." The court then proceeded to define in detail "reasonable doubt" and stated that a reasonable doubt must have an evidentiary basis. Appellant, citing *Cage v. Louisiana,* __ U. S. __ (111 SC 328, 112 LE2d 339) (1990), asserts that the charge given by the court allows a conviction on a standard of "moral and reasonable certainty," which is a less stringent standard of proof than "beyond a reasonable doubt." The record reveals that after the jury charge, the court specifically asked if there were any objections, reser-

vations or suggestions from counsel as to the charge. Another opportunity to object to this charge was given to counsel when the court recharged the jury on this issue. Appellant failed to object or reserve objection at each juncture. " ' "Clearly, it is the law of this state, even in criminal cases, that if the trial court asks if there are any objections to the charge given, counsel for the defendant must either state his objections or reserve the right to make such objections on motion for new trial or on appeal or waive any such objections." (Cits.)' [Cit.]" *Seidel v. State,* 197 Ga. App. 14 (2) (397 SE2d 480) (1990). Therefore, appellant has waived his right to object to the jury charge. Moreover, appellant's substantive argument has no merit as the charge at issue in *Cage* is so dissimilar to the pattern charge given in the instant case that the concerns raised in *Cage* are not at issue here.

2. Appellant next contends that the trial court erred in allowing the videotape of the interview with the victim to be shown at trial. Appellant argues that the trial court was in error when it found, pursuant to OCGA § 24-3-16, that the tape was surrounded by a sufficient indicia of reliability to be admitted into evidence. "The standard to be applied in determining whether a statement sought to be introduced under § 24-3-16 provides sufficient indicia of reliability has been discussed by this court in *Newberry v. State,* 184 Ga. App. 356 (361 SE2d 499). In *Newberry,* the court considered atmosphere, circumstances, spontaneity, and demeanor in judging the reliability of the statement." *Ortiz v. State,* 188 Ga. App. 532 (3) (374 SE2d 92) (1988). In the instant case, the court conducted a lengthy hearing outside the presence of the jury to determine the tape's reliability and considered, as in *Newberry* and *Ortiz,* the atmosphere and circumstances of the interview, the spontaneity of the victim's responses and the demeanor of the victim during the interview. We find no abuse of discretion in the court's finding that the tape was admissible. See *Hicks v. State,* 196 Ga. App. 311 (1) (396 SE2d 60) (1990). Appellant further argues that a proper foundation for the tape was not laid prior to its admission. Appellant made no objection on this ground at trial, and, in fact, any objection for the failure to authenticate the tape was waived by appellant when defense counsel called for the tape's admission during cross-examination of a State witness in an attempt to discredit the tape. This issue cannot be raised on appeal for the first time. *Grayer v. State,* 181 Ga. App. 845 (2) (354 SE2d 191) (1987).

3. In his third enumeration, appellant asserts that the trial court erred in allowing several of the State's witnesses to state their opinion that the victim had been molested. As appellant did not object to the admission of this testimony at trial, the objection cannot be considered for the first time on appeal. See *Grayer,* supra.

4. Appellant finally enumerates that he was denied effective as-

sistance of counsel at trial. A hearing was held on appellant's motion for new trial at which appellant's trial counsel and several other witnesses testified with respect to appellant's ineffectiveness claim. The court denied the motion, and appellant argues the denial was in error. Appellant contends that his trial counsel was ineffective in that (a) he failed to object to the opinions of the expert witnesses that the victim had been molested; (b) he failed to object to the absence of a proper foundation for the admissibility of the videotape of the victim; (c) he did not accept the court's offer of a continuance when the State requested the introduction of similar transaction evidence without giving the required notice to the defense; (d) he failed to interview witnesses resulting in inadequate preparation for trial; (e) he failed to call a witness, Marva Lynch, for trial; and (f) he failed to submit written requests to charge, specifically one on impeachment.

" 'Under the holding in *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), there is a two-pronged test for determining the validity of a claim of ineffective assistance of counsel: whether (1) counsel's performance was deficient; and whether (2) this deficiency prejudiced the defense (there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency). [Cit.]' [Cit.]" *Ruffin v. State,* 201 Ga. App. 792 (2) (412 SE2d 850) (1991). " 'The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel.' [Cits.]" (Punctuation and citations omitted.) *Powell v. State,* 198 Ga. App. 509 (1) (402 SE2d 108) (1991). " 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client.' [Cits.] The appellate courts of this state are reluctant to reverse a case on the ground of ineffective assistance of counsel whenever the specific complaint urged can reasonably be construed as involving defense counsel's trial strategy. [Cits.]" (Punctuation and citations omitted.) *Ruffin,* supra at 795.

(a) With respect to the expert testimony, the record reveals that the contested testimony of the state licensing investigator was elicited by the defense on cross-examination and in fact pertained to another child, not the victim. However, a psychiatric resident and a county social worker both testified at trial on direct examination, without objection, that in their opinion the victim was sexually molested. Whereas there was legal authority at the time of trial that would prevent the admission of such testimony, defense counsel testified at the motion for new trial that he did not object because he intended to

discredit their opinions on cross-examination by showing that they had no independent facts on which to base their opinions. Defense counsel stated that by discrediting their opinions on cross, he felt that the experts were some of the best witnesses for the defense. The record shows that defense counsel did conduct a lengthy and detailed cross-examination of the psychiatric resident and also cross-examined the social worker in an attempt to discredit her opinion testimony. "We do not consider this trial strategy to be a deficient performance which prejudiced appellant's defense. . . ." *Snyder v. State,* 201 Ga. App. 66 (8) (d) (410 SE2d 173) (1991). " ' "Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decision made by trial counsel does not require a finding that defendant's original representation was inadequate. [Cits.]" [Cit.]' [Cit.]" *Powell,* supra at 511-512.

(b) Defense counsel did not object to the failure to authenticate the videotape of the victim because defense counsel himself first requested the playing of the videotape during cross-examination of the state licensing investigator. Defense counsel was questioned by the trial court as to his decision to request the showing of the tape, and defense counsel reaffirmed his request to show the tape. Counsel then proceeded to question the witness in detail as to many aspects of the tape in an attempt to show the jury that the circumstances of the interview and the victim himself were not credible. This method of cross-examination and the use of the tape was a conscious trial strategy, and we cannot say that these tactics fell outside the "broad range of reasonable professional conduct." *Powell,* supra at 510.

(c) After the trial had begun, the State made a request to introduce similar transaction evidence as a result of information that the State received the preceding evening. The State told the court that another child in appellant's day care center had told his mother the previous night that appellant had performed acts of oral sex on him and other children in the center. The child who made these statements had been interviewed by investigators many months before and had denied any such actions by appellant. A videotaped interview had been made of this child, which was presented to the grand jury months before, in which he denied any wrongdoing by appellant. Defense counsel vigorously objected to the introduction of the evidence. The trial court did not restrict the evidence; however, the court did offer to grant a continuance to the defense to investigate the evidence because the State had not given defense counsel the required notice of similar transactions. Defense counsel refused the continuance. Counsel indicated at the motion for new trial that he was not actually

surprised by the testimony and that he was aware of the content of all the previous interviews and videotape of this child, as well as the previous testimony of the child's mother. At trial, defense counsel introduced the tape in which the child made inconsistent statements and questioned the child's mother as to the previous inconsistent statements she had made. Defense counsel's decision not to postpone a trial that had already begun when he was familiar with the previous involvement of the child and his mother in the case, was within the realm of reasonable professional conduct. Counsel's decision does not trigger an ineffectiveness claim.

(d) Appellant alleges that defense counsel did not interview witnesses and was inadequately prepared at trial. At the motion for new trial, counsel stated that he did interview several witnesses and reviewed the reports of the doctor who was called as an expert by the State. Although certain witnesses testified that they were not interviewed by defense counsel, counsel maintained that he interviewed the necessary witnesses and that he was not surprised by the evidence at trial. Defense counsel testified that he had filed a civil suit in connection with this case and that he had taken the depositions of relevant persons and had performed much discovery via the civil suit. Counsel's preparation was not so slight as to give rise to a claim of ineffective assistance of counsel. See *Sleeth v. State,* 201 Ga. App. 324 (411 SE2d 79) (1991).

(e) Appellant asserts that defense counsel was deficient in that he did not call Marva Lynch as a trial witness for the defense. Ms. Lynch testified at the motion for new trial that she was a babysitter for the victim and that she had observed him kissing persons on the mouth and using his tongue before the victim was enrolled in appellant's day care center. Counsel testified that he did not remember if appellant had supplied the name of Ms. Lynch; that he did not remember being told of the content of her testimony; and that in any event, he did not see the significance of her testimony in light of the actual sexual acts alleged by the victim in the videotape. Even if counsel was aware of Ms. Lynch's testimony, he made a tactical decision not to call her as a witness as her testimony did not bear on the actual sexual acts alleged by the victim. " 'The fact that the case could have been tried differently on behalf of the defendant does not mean that he failed to receive a vigorous and competent defense.' [Cit.]" *Sleeth,* supra at 326.

(f) Defense counsel submitted no written requests to charge; however, he did make an oral request to charge which the court granted. The court gave pattern jury instructions, including a charge on the credibility of witnesses. As to the failure to give an impeachment charge, the inconsistent testimony of the child testifying to the similar transaction was introduced via the videotaped interview of the

child, and his mother was cross-examined as to her inconsistent statements. Despite the absence of the charge, the evidence was before the jury for their consideration. We cannot conclude that there is a reasonable probability that the outcome of the trial would have been different but for counsel's failure to request a charge on impeachment. See *Snyder,* supra at 70.

" 'In determining the effectiveness of counsel, the court looks to the totality of the representation provided by counsel. [Cits.] A defendant's right to effective assistance of counsel does not guarantee errorless counsel or counsel judged ineffective by hindsight, " 'but counsel . . . likely to render *and rendering* reasonably effective assistance.' (Cits.)" (Cit.)' [Cit.]" (Emphasis in original.) *Richardson v. State,* 194 Ga. App. 358 (1) (h) (390 SE2d 442) (1990). " 'A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous. (Cit.) The trial court's finding in the instant case is not clearly erroneous. [Cit.]' [Cit.]" *Harris v. State,* 198 Ga. App. 503 (1) (402 SE2d 62) (1991).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 16, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 — 

*Michael C. Garrett,* for appellant.
*Michael C. Eubanks, District Attorney,* for appellee.