## A01A1762. SMILEY v. THE STATE.
(555 SE2d 887)

MIKELL, Judge.

Vincent Arthur Smiley, who proceeded pro se, was convicted at a bench trial of aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He appeals from the denial of his motion for new trial,[1] claiming that (1) his conviction is void because the trial court applied the wrong standard of proof in finding him guilty; (2) he did not knowingly and voluntarily waive his right to counsel; and (3) he did not intelligently waive his right to a jury trial. Finding no error, we affirm.

1. In his first enumeration of error, Smiley asserts that the trial court failed to find the evidence sufficient beyond a reasonable doubt. Smiley points to the trial court's statement that "the state has made out a prima facie case of aggravated assault by shooting, and I therefore find the defendant guilty of aggravated assault by shooting." However, this issue has not been preserved for appellate review. Neither Smiley nor the attorney who stood by to advise him raised this objection at trial. Accordingly, it has been waived. *Penaranda v. State,* 203 Ga. App. 740, 741 (1) (417 SE2d 683) (1992). In any event, in denying Smiley's motion for new trial, the court stated: "Upon careful review of the entire record in this case . . . the court finds that the evidence was sufficient for a rational trier of fact to find the defendant guilty of the crimes charged beyond a reasonable doubt." It follows that this enumeration of error is meritless.

2. In his second enumeration of error, Smiley contends that the trial court erred in permitting him to proceed pro se without establishing on the record that he voluntarily and intelligently waived his right to counsel. We disagree.

At the outset, we note that new counsel appointed to represent Smiley post-conviction failed to raise this issue in his motion for new trial. Therefore, it has not been preserved for appellate review.

---

[1] The motion for new trial was denied on February 23, 2000. On March 2, 2001, Smiley was granted permission to file an out-of-time appeal. This appeal, docketed on May 3, 2001, is timely.

*Flantroy v. State*, 231 Ga. App. 744, 745 (2) (501 SE2d 10) (1998). In any event, the record belies Smiley's assertions. The trial court appointed three attorneys to represent Smiley at trial. Smiley's first attorney filed an appearance on June 17, 1998. On August 28, Smiley filed a motion seeking to "terminate" counsel's services. The trial court appointed new counsel on October 1, but Smiley objected to counsel's representation on account of his race (Caucasian). At a subsequent hearing, the trial court urged Smiley to reconsider accepting the second attorney. Smiley informed the court that he did not need a lawyer; rather, he needed a paralegal and an investigator to take statements from witnesses and prepare their affidavits. The court explained that such documents would be inadmissible in evidence:

> Mr. Smiley, once again, without the benefit of a lawyer, you're making a terrible mistake because affidavits and witness statements are not admissible in evidence. They couldn't be used at trial. They're not subject to cross-examination, the state would object and I'd have to sustain the objection, and you're making a terrible mistake in rejecting the services of the lawyers that I have appointed to you. But that's your business. I can't make you use one of those lawyers and if you want to defend yourself you can do it, but I want to make sure the record is clear that I have told you over and over — listen to me — over and over again that it's dangerous and to your serious disadvantage to defend yourself in this case. . . . You're facing serious felonies here.

Later, the court issued similar warnings to Smiley: "Well, I've offered you assistance and you've rejected it, but you're making a mistake because you're facing the potential of 30 years in the state penitentiary. . . ."

Finally, at the conclusion of the hearing, the court decided to appoint yet a third lawyer, Zena E. McClain, to represent Smiley. However, at trial, Smiley declared that McClain was not his lawyer and that he planned to represent himself. The trial court again warned Smiley of the dangers of self-representation and directed McClain to stand by to assist him.

The determination of whether a defendant has intelligently waived his constitutional right to counsel depends upon the particular facts and circumstances surrounding each case. *Gamble v. State*, 235 Ga. App. 777, 780 (4) (510 SE2d 69) (1998). No magic language must be used by a trial judge in making the defendant aware of his right to counsel and of the dangers of proceeding without counsel. *Brown v. State*, 244 Ga. App. 206, 208 (1) (535 SE2d 281) (2000). In this case, the record shows that the trial court repeatedly warned

Smiley of the specific dangers and disadvantages of self-representation. In fact, the court expended enormous energy in ensuring that Smiley's constitutional right to counsel was not violated. It follows that this enumeration is meritless.

3. Finally, Smiley contends that his conviction should be reversed because the trial court failed to determine whether he intelligently waived his right to trial by jury. This enumeration is meritless as well.

"When an accused questions the purported waiver of his right to a jury trial, the State must show on the record that the defendant 'personally, knowingly, voluntarily, and intelligently waived his right to a jury trial.'" (Citations omitted.) *Pirkle v. State*, 221 Ga. App. 657 (472 SE2d 478) (1996). "One of the ways the state may prove this is by demonstrating from the record transcript that the defendant understood the rights he was waiving." *Safford v. State*, 240 Ga. App. 80, 82 (2) (522 SE2d 565) (1999).

The record discloses that after the court warned Smiley of the dangers of proceeding pro se, the court informed Smiley: "The jury will decide whether you did something or not. It certainly won't be me." The defendant then stated that he preferred a bench trial. The court emphatically insisted upon a trial by jury. At trial, when the court tried to persuade Smiley to accept McClain's representation, the court explained that the trial was complicated and involved the selection of a jury. Smiley interrupted, stating: "I informed the Court . . . this will be a bench trial. It will be a bench trial. In my last motion . . . I did give notice that this would be a bench trial." The trial court made a thorough inquiry and then asked Smiley to sign a waiver. Smiley refused. The court held the panel of forty-six jurors for three hours during the remainder of the pretrial motions. Finally, Smiley tendered the following handwritten waiver:

> I the Defendant/Pro se Vincent Smiley, have given Notice to the Superior Court of Chatham County that I do intend, and will proceed with a Bench Trial. And do hereby waive my right to a jury trial. And have been advised by Jg. Karpf's concerns.
> [Signed] Vincent Smiley

The trial court accepted the waiver with great reluctance, and only after McClain's urging and the state's acquiescence. The state has amply demonstrated on the record that Smiley was cognizant of the right being waived. *Strickland v. State*, 221 Ga. App. 120, 121 (1) (470 SE2d 508) (1996). There was no error.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 1, 2001 —

*Jackson & Schiavone, Steven L. Sparger*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.