A08A1004. IN THE INTEREST OF A. S., a child.

(667 SE2d 701)

RUFFIN, Presiding Judge.

Following a hearing in the Juvenile Court of Bryan County, the trial court adjudicated A. S. delinquent for acts which, if committed by an adult, would constitute the offense of child molestation. A. S. appeals. Since the juvenile court applied a lesser standard than proof beyond a reasonable doubt in adjudicating A. S. delinquent, we reverse and remand for further findings.

1. A. S. first claims that the trial court erred in denying his motion to dismiss because his case was not scheduled for an adjudication hearing in accordance with OCGA § 15-11-39 (a) and because the length of his pre-trial detention violated his constitutional right to due process. We disagree.

A. S. was arrested and placed in detention on June 26, 2007, and he was ordered to remain in detention following a June 27, 2007 hearing. A delinquency petition charging that A. S. had committed child molestation in violation of OCGA § 16-6-4 was filed on June 29, 2007. The parties appeared in juvenile court on July 19, 2007. At

---

the start of the hearing, the State asked that the case be continued because it had not received a forensic evaluation. A. S.'s counsel stated that she was not opposed to a continuance, adding that "we still need to get the results of the forensic evaluation before we proceed anyway." The trial court ordered that A. S. undergo a psychosexual evaluation and required that A. S. remain in detention pending completion of the evaluation, stating that "I'm not comfortable releasing him right now into the home, [e]specially since he did require hospitalization after having declared he was going to kill himself." The trial court directed that the case be placed on the calendar for August 16, 2007. A. S. did not object.

At the August 16, 2007 hearing, the State again asked for a continuance because it had not received the psychosexual evaluation and certain information from the child advocacy center and because all its witnesses were not ready to testify. Through his attorney, A. S. objected to the request for continuance and moved to dismiss the case. The trial court deferred ruling on the motion pending the filing of briefs and set the trial for September 6, 2007. At the commencement of the adjudicatory hearing on September 6, 2007, the trial court denied A. S.'s motion to dismiss.

OCGA § 15-11-39 (a) provides, in applicable part, that "[a]fter the petition has been filed the court shall set a hearing thereon, which, if the child is in detention, shall not be later than ten days after the filing of the petition." "[T]he language of [OCGA § 15-11-39 (a)] is mandatory and . . . the adjudicatory hearing must be set for a time not later than that prescribed by the statute."[1] This procedural requirement, however, may be waived, and "if a hearing is set within the statutory time limit, the court may in its discretion grant a continuance."[2] The consequence of failure to comply with OCGA § 15-11-39 (a) is dismissal of the case, but without prejudice.[3]

When A. S. appeared at the July 19, 2007 hearing, he did not contend that the case had not been timely set for an adjudicatory hearing, notwithstanding that the delinquency petition had been filed June 29, 2007.[4] Rather, A. S. agreed to a continuance, and then did not object when the trial court indicated that it would place the case on the calendar for August 16, 2007. Since A. S. agreed to a

---

[1] *Sanchez v. Walker County Dept. of Family &c. Svcs.*, 237 Ga. 406, 408 (229 SE2d 66) (1976).

[2] Id. Accord *In the Interest of R. D. F.*, 266 Ga. 294, 294-295 (1) (466 SE2d 572) (1996).

[3] See id. at 296 (3).

[4] Citing only *P. D. v. State of Ga.*, 154 Ga. App. 732 (270 SE2d 1) (1980), A. S. contends that the ten day period established by OCGA § 15-11-39 (a) was tolled while his forensic report was pending completion, such that the statutory period did not begin on the date of the filing of the petition. At issue in *P. D.* was the length of an alleged detention *before* the filing of the delinquency petition. See *P. D.*, supra at 733 (1). Accordingly, *P. D.* does not apply here.

continuance and acquiesced in a hearing date delaying the adjudication for at least 48 days following the filing of the delinquency petition, he waived the right to complain that the adjudication hearing date was not set to occur in compliance with OCGA § 15-11-39 (a).[5]

As to A. S.'s due process claims, he does not show that he was subjected to an excessively long pre-trial detention or that the remedy for such detention is dismissal.[6] Nor does he show that the little over two-month period between the filing of the petition and the adjudication hearing was so long as to violate his right to a speedy trial[7] under either the federal or State constitutions.[8] It follows that the trial court did not err in denying A. S.'s motion to dismiss.

2. A. S. also claims that his adjudication of delinquency cannot stand because the trial court erroneously applied a "clear and convincing" standard to the evidence and that the case must therefore be remanded to the juvenile court. We agree.

At the conclusion of the adjudicatory portion of the hearing, the trial court found that "there is clear and convincing evidence to adjudicate [A. S.] a juvenile delinquent on the charge of child molestation, a violation of OCGA § 16-6-4." Under the Juvenile Code, "the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against adults — proof must be beyond a reasonable doubt."[9] Since clear and convincing is a different and lesser standard of proof than beyond a reasonable doubt,[10] the trial court did not apply the correct standard of proof in evaluating the evidence.

The State concedes that clear and convincing is not the correct standard of proof, but contends that the trial court's statement was a mere lapsus linguae. We disagree. The trial court did not remain silent as to the standard of proof applied.[11] Rather, the trial court's

---

[5] See *Sanchez*, supra at 409.

[6] See *Bozzuto v. State*, 276 Ga. App. 614, 616 (1) (624 SE2d 166) (2005) ("If an excessively long period of pretrial confinement exceeds due process limits, the defendants' remedy is not a motion to dismiss. . . .") (punctuation omitted).

[7] See *In the Interest of R. D. F.*, supra at 296 (3), n. 2 (constitutional speedy trial rights apply in juvenile proceedings).

[8] See generally *Watkins v. State*, 267 Ga. App. 684, 685 (a) (600 SE2d 747) (2004) (post-indictment period exceeding one year " 'marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry' ").

[9] (Punctuation omitted.) *In the Interest of T. S.*, 211 Ga. App. 46, 46-47 (2) (438 SE2d 159) (1993). See OCGA § 15-11-65 (a).

[10] See *Haile v. Pittman*, 194 Ga. App. 105 (1) (389 SE2d 564) (1989) ("[B]eyond a reasonable doubt is more than clear and convincing evidence, which is more than preponderance of the evidence, which, in turn, is more than mere probable cause.") (punctuation omitted).

only statement as to the standard of proof demonstrates error, and we cannot conclude from the remainder of the transcript and record that the trial court applied the correct standard of proof. Furthermore, unlike *In the Interest of J. O.*,[12] the trial court did not later clarify that it had actually applied the correct standard of proof.

The State also points out that A. S. and his counsel failed to object when the trial court indicated it was applying the clear and convincing standard of proof in reaching its findings. Relying on *Smiley v. State*,[13] the State maintains that A. S. therefore waived any issue as to the standard of proof for purposes of appellate review. We disagree.

In *Smiley*, the defendant and his attorney failed to object to the trial court's statement that "the [S]tate has made out a prima facie case of aggravated assault by shooting, and I therefore find the defendant guilty of aggravated assault by shooting,"[14] thereby waiving the issue of whether the trial court had failed to find the defendant guilty beyond a reasonable doubt. Unlike this case, however, the statement at issue in *Smiley* did not affirmatively show that the trial court applied a standard of proof other than beyond a reasonable doubt. Further, as authority on the issue of waiver, *Smiley* relied solely on *Penaranda v. State*,[15] in which we concluded that the appellant had waived the right to complain of a jury charge for failure to object. However, the instruction in *Penaranda* did not involve a substantial error in the charge on reasonable doubt.[16] Rather, we have found that a substantial error in the jury charge lowering the State's burden of proof is not waived.[17]

Given that the trial court's statement that it was adjudicating A. S. delinquent under an erroneous standard of proof "raises a question whether [A. S.] has been deprived, to some extent, of a fair trial,"[18] we find no waiver. "Where, as here, the trial judge . . . acts as

---

[11] See *T. K. v. State of Ga.*, 126 Ga. App. 269, 275-276 (3) (190 SE2d 588) (1972) ("[w]here . . . there is a recital that the court finds the child committed the alleged acts, it can be assumed the judge complied with [the] statutory requirement as to standard of proof").

[12] 191 Ga. App. 521, 522-523 (2) (382 SE2d 214) (1989), overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106 (454 SE2d 134) (1995).

[13] 252 Ga. App. 235 (555 SE2d 887) (2001).

[14] (Punctuation omitted.) Id. at 235 (1).

[15] 203 Ga. App. 740 (417 SE2d 683) (1992).

[16] In *Penaranda*, the jury was charged "in detail" on reasonable doubt. Id. at 740 (1). The defendant's substantive argument that the charge allowed a conviction on less than proof beyond a reasonable doubt was determined to be without merit. Id. at 741.

[17] See *Jones v. State*, 252 Ga. App. 332, 334 (2) (556 SE2d 238) (2001) (where trial court charged, "if you honestly believe he's guilty, convict him," appellant's failure to object or reserve the right to object later did not waive claim that the erroneous charge improperly lowered the State's burden of proof) (punctuation omitted).

[18] (Punctuation omitted.) Id. at 334 (2) (a).

finder of fact, our duty is [to make] certain the proper standard was utilized by the court."[19] Accordingly, and consistent with other appeals from the juvenile court involving the erroneous application of the standard of proof, we reverse and remand the case for further findings applying the correct standard of proof.[20]

*Judgment reversed and case remanded with direction. Andrews and Bernes, JJ., concur.*

## DECIDED SEPTEMBER 26, 2008.

*Craig T. Pearson*, for appellant.
*Tom Durden, District Attorney, Claira E. Mitcham, Johnathan C. Gaskin, Assistant District Attorneys*, for appellee.

---

[19] *In re R. L. Y.*, 181 Ga. App. 14, 16 (351 SE2d 243) (1986).

[20] See *In the Interest of C. T. L.*, 182 Ga. App. 845, 846 (357 SE2d 298) (1987) (failure of juvenile court to apply correct standard of proof required case be remanded for further findings); *In re R. L. Y.*, supra at 17.