**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 10, 2012**

# In the Court of Appeals of Georgia

A12A0887. IN THE INTEREST OF R. S., et al, children.

MIKELL, Presiding Judge.

Following a hearing in the Juvenile Court of DeKalb County, the trial court adjudicated R. S. and Q. H. delinquent for burglary. R. S. and Q. H. appeal. Since the juvenile court applied a lesser standard than proof beyond a reasonable doubt in adjudicating R. S. and Q. H. delinquent, we reverse and remand for further proceedings.

Viewed in the light most favorable to the trial court's adjudication,[1] the record shows that on September 14, 2011, Patras Stringer noticed a group of male youths running from her neighbor's backyard, carrying a "flat thing" she suspected was a flat-screen television. The youths put the "flat thing" into a truck and drove off. She

---

[1] *In the Interest of J. R.,* 300 Ga. App. 422 (685 SE2d 397) (2009).

noticed that two of the youths were wearing blue jeans and white t-shirts. Stringer then called the police, who found evidence of forced entry in the back of the neighbor's house. The police called the neighbor, Eric Walker, who told them that his house had two flat-screen televisions, a video game console, and two digital cameras. All of those items were missing from the house at the time the police investigated.

Another officer made contact with a blue pickup truck less than a mile away from the burglary. There were six boys in the cab of the truck, including Q. H., and R. S. was found in the bed of the truck. Both Q. H. and R. S. were wearing blue jeans and white t-shirts. A camera taken from Walker's home was found under the driver's seat of the pickup truck, but no televisions were found in the truck.

Q. H. and R. S. claim that their adjudication of delinquency cannot stand because the trial court erroneously applied a "clear and convincing" standard to the evidence. We agree.

In order to adjudicate a juvenile delinquent under the Juvenile Code, the trial court must find the juvenile guilty beyond a reasonable doubt.[2] However, at the conclusion of the hearing in this case, the trial court found that there was "clear and

---

[2] OCGA § 15-11-65 (a). Accord *In the Interest of T. S.*, 211 Ga. App. 46, 46-47 (2) (438 SE2d 159) (1993).

convincing evidence that [R. S. and Q. H.] committed the act of burglary." "Since clear and convincing is a different and lesser standard of proof than beyond a reasonable doubt, the trial court did not apply the correct standard of proof in evaluating the evidence."[3]

The state concedes that the trial court did not apply the correct standard of proof, but argues that the trial court's statement was a mere lapsus linguae. Citing to *In the Interest of J. O.*,[4] the state argues that the law contemplates the possibility that a judge may apply one standard while mistakenly articulating another.[5] However, in *In the Interest of J. O.*, this Court held that the trial court's application of the wrong standard of proof did not warrant reversal when the trial court corrected itself in a written order, so that "[the trial court's] remark at trial was a mere lapsus linguae and . . . it knew and had applied the correct standard of proof. [The trial court concluded] that the evidence addressed at the adjudicatory hearing show[ed], beyond a

---

[3] (Footnote omitted.) *In the Interest of A. S.*, 293 Ga. App. 710, 712 (2) (667 SE2d 701) (2008).

[4] 191 Ga. App. 521 (382 SE2d 214) (1989), overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106, 107 (454 SE2d 134) (1995).

[5] *In the Interest of J. O.*, supra at 522-523 (2).

3

reasonable doubt, that the juvenile did in fact commit the delinquent act."[6] In the present case, the trial court made no such finding. Although the trial court stated the facts upon which it based its finding, its only statement regarding the standard of proof demonstrates error.[7]

Further, the state's argument that "we can conclude from the remainder of the trial transcript that the judge applied the correct standard" is without merit. This Court has held that when the trial court remains silent as to the standard of proof, but does recite that it "finds the child committed the alleged acts, it can be assumed the judge complied with [the] statutory requirement as to standard of proof."[8] However, in the present case, the trial court did not remain silent as to the standard of proof applied.

---

[6] (Punctuation omitted.) Id.

[7] See *In the Interest of A. S.*, supra at 712-713 (2).

[8] (Citations omitted.) *T. K. v. State of Ga.*, 126 Ga. App. 269, 276 (3) (190 SE2d 588) (1972) ("our statute in legislatively decreeing such standard of proof in delinquency and unruliness hearings does not require the court to include this as an abracadabra statement in the adjudication order").

Based upon the above, we reverse and remand the case for further findings applying the correct standard of proof.[9]

*Judgment reversed and case remanded. Miller and Ray, JJ., concur.*

---

[9] See *In the Interest of A. S.*, supra at 714 (2); *In the Interest of C. T. L.*, 182 Ga. App. 845, 846 (357 SE2d 298) (1987).