**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 24, 2020**

# In the Court of Appeals of Georgia

A20A0054. IN THE INTEREST OF A. G., a child.

HODGES, Judge.

Following a trial, the Juvenile Court of Glynn County adjudicated A. G. delinquent for acts which, if committed by an adult, would have constituted financial transaction card theft (OCGA § 16-9-31 (a)) and theft by taking (OCGA § 16-8-2). The juvenile court denied A. G.'s motion for new trial and A. G. appeals, arguing that the juvenile court applied an erroneous standard of proof and that the evidence was insufficient to support an adjudication of delinquency for financial card theft and theft by taking. Because the juvenile court did not apply the correct standard of proof, we reverse and remand this case for further proceedings consistent with this opinion.

Under our Juvenile Code, it is well settled that "the standard of proof on charges of a criminal nature is the same as that used in criminal proceedings against

adults — proof must be beyond a reasonable doubt." *In the Interest of A. S.*, 293 Ga. App. 710, 712 (2) (667 SE2d 701) (2008); see also OCGA § 15-11-581; *In the Interest of R. S.*, 317 Ga. App. 412 (731 SE2d 97) (2012). Here, A. G. was charged with financial transaction card theft and theft by taking based upon allegations that she removed a teacher's wallet from his desk; the wallet contained a debit card, a credit card, and $1,000 in cash. The teacher's wallet was found in A. G.'s book-bag, but the cards and cash were missing and were never returned to the teacher. However, evidence adduced at trial revealed that an internal school tribunal determined that A. G. did not violate any school rules as a result of the allegations and "found her not guilty."

> Following the parties' closing arguments at trial, the trial court remarked that

> [w]ell, I — you know, I — I'm following the argument and — and I'm right there with the tribunal until the wallet's found in her book-bag. I — I'm not convinced. I think there's still *some evidence* that she committed the acts, Theft by Taking and Financial Transaction Card Theft. I'm going to adjudicate her of both.

(Emphasis supplied.) In its written order, the juvenile court stated that

> it is hereby found that the allegations of the petition are true . . ., that the acts attributed to or admitted by the child were, in fact, committed by said child, and that such acts constitute acts of delinquency . . . within

2

the meaning of the law. . . . The child has been adjudicated on the following: Theft by Taking [and] Financial Transaction Card Theft.[1]

"Where, as here, the trial judge acts as finder of fact, our duty is to make certain the proper standard was utilized by the court." *In the Interest of A. S.*, 293 Ga. App. at 713-714 (2); see also *Ward v. State*, 353 Ga. App. 1, 14 (3) (836 SE2d 148) (2019). "Since [some evidence] is a different and lesser standard of proof than beyond a reasonable doubt, the trial court did not apply the correct standard of proof in evaluating the evidence [in this case]." *In the Interest of A. S.*, 293 Ga. App. at 712 (2). In cases where "a trial court considers a claim under an improper legal standard, we must vacate the trial court's judgment and remand [the] case for the court to consider the claim under the proper standard."[2] *Ward*, 353 Ga. App. at 13 (3).

---

[1] A. G.'s failure to object to the trial court's statement is not fatal to her argument. See *In the Interest of A. S.*, 293 Ga. App. at 713 (2) (finding no waiver where statement "affirmatively show[ed] that the trial court applied a standard of proof other than beyond a reasonable doubt" and noting that a "substantial error in [a] jury charge lowering the State's burden of proof is not waived").

[2] The effect of the trial court's error is not ameliorated by *In the Interest of J. O.*, 191 Ga. App. 521, 522-523 (2) (382 SE2d 214) (1989), overruled on other grounds, *In the Interest of T. A. W.*, 265 Ga. 106, 107 (454 SE2d 134) (1995) (finding no reversal necessary where trial court orally stated incorrect standard of proof at trial but entered a subsequent written order citing correct standard). Unlike *In the Interest*

Accordingly, we reverse and remand this case for further proceedings consistent with this opinion.[3]

*Judgment reversed and case remanded. Doyle, P. J., concurs. McFadden, C. J., dissents.* \*

**THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2\***

---

*of J. O.*, the trial court's written order of adjudication in this case contained no such correction. To the contrary, the trial court's "only statement regarding the standard of proof demonstrates error." *In the Interest of R. S.*, 317 Ga. App. at 414.

[3] In violation of our rules, the State failed to file an appellee's brief. See Court of Appeals Rule 23 (b) ("A brief *shall* be filed by the State when it is the appellee in the appeal of a criminal case. The State's representative may be subject to sanctions, including contempt, for failing to file a timely responsive brief.") (revised Oct. 23, 2019; emphasis supplied); *In the Interest of N. M.*, 316 Ga. App. 649, 652 (2) (730 SE2d 127) (2012) ("Although juvenile court proceedings are not criminal proceedings and an adjudication of delinquency is not a criminal conviction, we nonetheless recognize the quasi-criminal aspects of juvenile law, and we often look to criminal cases for guidance.") (citations omitted). Although we decline to impose sanctions in this instance, the representatives of the State are reminded of their duties pursuant to OCGA § 15-18-6 (a) (6) and Court of Appeals Rule 23 (b), and cautioned that additional failures to file an appellee's brief may not be treated as leniently.

A20A0054. IN THE INTEREST OF A. G., a child.

MᴄFᴀᴅᴅᴇɴ, Chief Judge, dissenting.

I agree with the majority that the adjudication of delinquency must be reversed, but I disagree that the case should be remanded for further proceedings. As a matter of law, the evidence was insufficient to support the adjudication because it consisted only of circumstantial evidence that did not exclude A. G.'s reasonable hypothesis of innocence. Given the insufficiency of the evidence, there would be no basis for the trial court to adjudicate A. G. delinquent upon remand. So I respectfully dissent.

The state presented no direct evidence that A. G. took either the wallet or any of its contents. Instead, the state relied solely on circumstantial evidence, that A. G. had access to the wallet and that the empty wallet was found in her book-bag. "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-14-6. "In other words, the proven facts must be inconsistent with the defendant's innocence." *Redwine v. State*, 207 Ga. 318, 324 (61 SE2d 481) (1950). Accord *Hall v. State*, 155 Ga. App.

211, 212 (270 SE2d 377) (1980). "In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted." *Barnett v. State*, 153 Ga. App. 430, 532 (3) (265 SE2d 348) (1980). Moreover, "when a reasonable hypothesis of innocence appears from the evidence or lack thereof, [we] may declare such as a matter of law." *Cooley v. State*, 219 Ga. App. 176, 177 (464 SE2d 619) (1995) (citations and punctuation omitted).

A. G.'s hypothesis of innocence — that another student took the wallet, removed from it the cash and cards, and then discarded it in A. G.'s book-bag — was reasonable and appeared from the evidence. This explanation was consistent with the circumstantial evidence mentioned above. It was also consistent with evidence that other students also had access to both the wallet and A. G.'s book-bag and with evidence that, while the wallet was easily found, its missing contents were not — even though A. G. was searched shortly after the wallet was discovered.

The state failed to present evidence to exclude this reasonable hypothesis. While generally evidence of recent, unexplained possession of stolen property will authorize a factfinder to infer guilt to support a conviction for theft by taking, see *Newby v. State*, 338 Ga. App. 588, 589 (1) (a) (791 SE2d 92) (2016) (finding

2

sufficient circumstantial evidence of theft by taking where defendant was found sitting on motorcycle shortly after it was stolen and fled on it when approached), in this case that evidence is equally consistent with A. G.'s argument that the person who stole the wallet discarded it in her book-bag after removing its contents. Likewise, the evidence that A. G. had access to the wallet is not inconsistent with her argument that others also had access to the wallet.

Because the evidence "supports more than one theory, one consistent with guilt and another with innocence, it does not exclude every other reasonable hypothesis except guilt and is not sufficient to prove the defendant's guilt beyond a reasonable doubt." *Grant v. State*, 227 Ga. App. 243, 245 (488 SE2d 763) (1997) (citation and punctuation omitted). For this reason, the state's circumstantial evidence cannot support the delinquency adjudication. See *Morrison v. State*, 220 Ga. App. 151, 153-154 (1) (a) (469 SE2d 686) (1996) (where circumstantial evidence did not exclude reasonable hypothesis, conviction was unsupportable as matter of law). Because the evidence was insufficient as a matter of law, there is nothing for the juvenile court to consider on remand.

3