## A93A0216. IN THE INTEREST OF A. D., a child.

(430 SE2d 809)

BEASLEY, Presiding Judge.

Grandparents petitioned the juvenile court for custody of their daughter's nearly nine-year-old illegitimate child in June 1992. They alleged that the child had resided with them for most of her life and was then residing with them; that she was without proper parental care or control necessary for her physical, mental or emotional health or morals; that the mother was living with a man to whom she was not married; and that the grandparents, but not the mother, were fit and proper persons to have custody. The mother responded, denying that she is an unfit parent.

Evidence at the hearing was that the mother was previously married to the man she was living with. Prior to their divorce, he sustained a work-related back injury requiring continuing medical care. He took large amounts of prescription drugs, drank heavily, had used

crack cocaine on occasion, and physically abused the mother. She left him in August 1991 after he had pointed a gun at her head and threatened to kill her. She moved back to her parents' home with the child and secured a divorce in November. She resumed living with him in January 1992. She has full-time employment at a grocery store, working six to eight hours a day five to six days a week. The man is partially disabled and does not have any regular employment. The mother leaves the child with him while she is working. She testified that at the time of the hearing in June, he was still drinking but no longer taking prescription drugs.

The court denied the grandparents' petition, stating that there was no clear and convincing evidence of parental unfitness so as to authorize either a termination of parental rights or transfer of custody, temporary or permanent.

However, the court sua sponte convened another hearing which was held a week later. At that hearing, the court stated that it was concerned that the mother's entrusting the care of the child to the man while she was working posed a threat to the child's safety because he has had severe drinking problems, continues to drink uncontrollably, and might drive with the child while drunk. The child testified that after the first hearing, he had driven with her in the car while drinking and that this scared her. He denied this but admitted having had several beers that day.

The court found that the man has had in the past "a severe drinking problem and continues to have a drinking problem," that under the proper circumstances, he would likely operate a vehicle with the child after having consumed alcoholic beverages, and that he did in fact consume not less than two to three beers with the child in his custody the day after the prior hearing. Based upon this, the court ordered temporary custody of the child placed with petitioners until further order, with visitation granted to the mother.

We granted the mother's application for discretionary appeal. Only the grandfather has responded as appellee. The grandmother, who the parties agreed at oral argument is separated from the grandfather, did not file a brief or appear. The mother contends that the court erred in applying the "best interest of the child" standard and awarding custody to the grandparents, who are third parties, without a finding of unfitness of the mother, and that the court's findings of fact are not supported by the evidence. The petition had asserted the "best interest of the child" standard.

"As between a natural parent and a third party (grandparent), the parent can be deprived of custody only if one of the conditions specified in [OCGA §§ 19-7-1 and 19-7-4], or one of the other legal grounds ([OCGA §§ 15-11-2 (8); 15-11-81]), is found to exist by clear and convincing evidence. [Cit.]" *Brant v. Bazemore,* 159 Ga. App.

659, 660 (284 SE2d 674) (1981).

The allegations of the petition were that the child is "deprived," as defined in OCGA § 15-11-2 (8) (A), and that the mother was not fit to have custody.

" '(W)here deprivation forms the predicate upon which the third party seeks a temporary transfer of the child's legal custody, in order to support such disposition the child must first be adjudicated to be a deprived child. By statute, that finding of deprivation must be made by "clear and convincing evidence." OCGA § 15-11-33 (b) (1). . . . In cases brought by a third party against the natural parent and alleging deprivation, the "clear and convincing" standard of evidence applies with equal force to the petitions for temporary custody as well as to any permanent transfer of custody or termination of parental rights.' [Cits.]" *In the Interest of C. T. L.*, 182 Ga. App. 845 (357 SE2d 298) (1987).

OCGA § 15-11-81 (a) states that "[i]n considering the termination of parental rights, the court shall first determine whether there is present clear and convincing evidence of parental misconduct or inability as provided in subsection (b) of this Code section." Subsection (4) (A) of OCGA § 15-11-81 (b) authorizes a court to terminate the parental rights of a parent with respect to the parent's child if: The court determines parental misconduct or inability by finding that: "(i) The child is a deprived child, as such term is defined in Code Section 15-11-2; (ii) The lack of proper parental care or control by the parent in question is the cause of the child's status as deprived; (iii) Such cause of deprivation is likely to continue or will not likely be remedied; and (iv) The continued deprivation will cause or is likely to cause serious physical, mental, emotional, or moral harm to the child." In pertinent part, OCGA § 15-11-2 (8) (A) defines a "deprived child" as meaning a child who: "[i]s without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health or morals."

The order appealed from does not show that the court made the findings required under OCGA § 15-11-81 (a) and (b) (4) (A) to support the custody award; it does not appear from the record that the court made the determination that the child was deprived and the mother was unfit. For this reason, the order must be reversed and the case remanded for further findings by the court. As the court recognized, they must be based on "clear and convincing" evidence. *Blackburn v. Blackburn*, 249 Ga. 689 (292 SE2d 821) (1982). See *In the Interest of C. T. L.*, supra.

*Judgment reversed and case remanded. McMurray, P. J., and Cooper, J., concur.*

DECIDED APRIL 5, 1993.

*Wendy J. Glasbrenner, Vicky O. Kimbrell, Lisa J. Krisher, Phyllis J. Holmen,* for appellant.

*Davidson, Hopkins & Booth, Jack S. Davidson, Joseph H. Booth,* for appellee.